THE STATE OF OHIO, APPELLEE, *v.* SALTZER, APPELLANT.

(Nos. 47293 to 47300—Decided April 16, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for appellee.

*Mr. Leonard Saltzer, pro se.*

PARRINO, P.J. Appellant, Leonard Saltzer, appeals the denial of his application for expungement made pursuant to R.C. 2953.32.

Saltzer was indicted for grand theft in October 1976 and pled guilty to the charges in November of that year. The grand jury returned eight separate indictments against appellant and a number of co-defendants for grand theft for offenses from October 1972 through May 1976.[1] Saltzer pled guilty to each of the charges and was sentenced early in 1977. He was sentenced to a term of one to five years on each count, all to be served concurrently. Execution of sentence on each charge was suspended and he was placed on probation conditioned upon his voluntarily turning in his license to practice law. He was to serve one six-month term in the county jail annex and was ordered to make restitution. On January 28, 1983 Saltzer applied for expungement. The prosecuting attorney filed an opposition to the application April 7, 1983. The court denied the application without hearing in eight separate journal entries July 8, 1983.

Saltzer timely appealed these denials and raises two assignments of error for our review.

"I. The Court erred and Defendant was denied due process of law by failing to set and hold a hearing as required by Ohio Revised Code § 2953.32(B)."

---

[1] Saltzer and his co-defendants were charged with theft from the Bureau of Workers' Compensation. The date of offense as listed on each indictment is as follows: Case No. 47293, August 8, 1974 to December 16, 1974; case No. 47294, March 11, 1975 to June 30, 1975; case No. 47295, January 1, 1974 to May 19, 1976; case No. 47296, May 22, 1974 to May 19, 1976; case No. 47297, November 6, 1974 to March 13, 1975; case

No. 47298, October 31, 1972 to December 31, 1973; case No. 47299, December 13, 1972 to December 31, 1973; and case No. 47300, October 17, 1974 to March 6, 1975. Eleven separate co-defendants were also charged in this series of indictments; only Saltzer was named on all eight indictments. Each of the other defendants was named on at least one indictment and one was named on seven indictments.

This assignment of error is well-taken. R.C. 2953.32(B) plainly states:

"Upon the filing of the application, *the court shall set a date for a hearing* and shall notify the prosecuting attorney of the hearing on the application. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant." (Emphasis added.)

Thus the requirement of a hearing is mandatory and each application for expungement must be set for hearing. See *State* v. *Powell* (April 1, 1982), Cuyahoga App. No. 43784, unreported; *State* v. *Harris* (March 4, 1982), Cuyahoga App. Nos. 43689, 43690, and 43691, unreported.

Accordingly, the first assignment of error is sustained and the matter is remanded for further proceedings in accordance with R.C. 2953.32.

"II. One convicted of a multiple count charge of the same offense is a first offender as defined by § 2953.31 of the Ohio Revised Code, and if said first offender is otherwise eligible for expungement, he is entitled to have his record expunged."

Both appellant and appellee expound upon facts not contained in the record under this assignment of error. Appellant discusses his rehabilitation and appellee discusses specific factors of the charges. As an appellate court we are bound by the record of the trial court. The arguments raised under this assignment of error reach the merits of appellant's application for expungement and must be determined by the trial court after hearing. The issues raised are not ripe for appeal. The second assignment of error is overruled.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

*Judgment reversed and*
*cause remanded.*

ANN McMANAMON and PATTON, JJ., concur.