DECISION
Defendant-appellant, Richard Hagopian, appeals from a judgment of the Franklin County Court of Common Pleas denying his application for expungement of his criminal record.
On April 30, 1998, defendant filed an application for expungement of a conviction. On July 22, 1998, the state filed an objection to the application, contending defendant did not meet the definition of a "first offender" under R.C. 2953.31(A).
On August 18, 1998, pursuant to R.C. 2953.32(B), the trial court set a September 18 hearing on defendant's application. On defendant's motion filed September 2, the hearing date was continued to November 6. On October 27, defendant again requested a continuance of the hearing date. Without ruling on the request, the trial court, by entry dated November 9, summarily denied defendant's application without conducting any hearing on the matter.
Defendant timely appeals, assigning the following error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO HOLD A HEARING PRIOR TO THE DISMISSAL AND DENIAL OF APPELLANT'S APPLICATION FOR EXPUNGEMENT UNDER R.C. 2953.32.
Defendant's single assignment of error asserts that a hearing pursuant to R.C. 2953.32 was mandatory, and that the trial court's failure to hold such a hearing before denying his application is error. R.C. 2953.32(B) states, in pertinent part:
 Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.
"It is apparent from a study of R.C. 2953.32 that the essential purpose of an expungement hearing is to provide a reviewing court with all relevant information bearing on an applicant's eligibility for expungement." State v. Hamilton (1996), 75 Ohio St.3d 636, 640. The hearing required by R.C.2953.32(B) is mandatory and each application for expungement must be set for hearing. State v. Saltzer (1984), 14 Ohio App.3d 394,395.
The state responds by asserting that, under R.C.2953.31(C)(1)(a), one of the requirements for expungement is that an applicant be a first offender; that because defendant could not satisfy the requirements of R.C. 2953.31(C)(1)(a) for expungement, the trial court properly could forego a hearing. See City of Aurora v. Bulanda (June 14, 1996), Portage App. No. 95-P-0130, unreported (noting that while courts in Ohio have found the R.C. 2953.32(B) hearing to be mandatory, it was not error to forego such a hearing when "it would serve no purpose").
In a case similar to this, however, the Eighth District Court of Appeals reversed a trial court's denial of an application for expungement when (1) the state opposed the application on the grounds that the applicant was not a first offender, (2) no hearing was held on the application, and (3) the trial court did not indicate in its entry denying the application that any of the factors set out in R.C. 2953.32(C) were considered. State v. Woolley (Mar. 30, 1995), Cuyahoga App. No. 67312, unreported. Other courts have similarly held that a hearing is required under R.C. 2953.32(B) for any application for expungement. State ex rel. Gains v. Rossi (Mar. 9, 1999), Mahoning App. No. 98-CA-51, unreported; State v. Bauer (Mar. 29, 1996), Montgomery App. No. 15316, unreported (citing Saltzer, supra); City of Middletown v. Egelston (Mar. 17, 1986), Butler App. No. CA85-08-097, unreported; cf. State v. Starkey (Mar. 1, 1991), Trumbull App. No. 90-T-4463, unreported (Christley, J., concurring) ("A summary denial of the [application] prior to hearing was clearly not contemplated by the legislature"). Moreover, on this record we cannot determine that a hearing would be futile, as the only item in the record suggesting defendant is not a first offender is the "objection" the state filed, with no supporting documentation attached.
Accordingly, defendant's single assignment of error is sustained, and this case is remanded to the trial court for a hearing on defendant's application for expungement.
Judgment reversed and case remanded.
BOWMAN and KENNEDY, JJ., concur.