JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
In March 1992, defendant-appellee, Eric Reid, pled guilty to one count of drug possession, in violation of R.C. 2925.11, and was subsequently sentenced to eighteen months in prison and ordered to pay costs. The sentence was ultimately suspended and appellee was given one year probation. The mandatory fine was waived.
On November 8, 1999, appellee filed an application to expunge and seal his record of conviction. The State of Ohio opposed the application on the basis that appellee allegedly had a prior conviction and, therefore, did not meet the statutory requirements for expungement. The trial court granted appellee's application without a hearing in an entry journalized March 22, 2000.
The State is now before this Court and assigns two errors for our review. In its first assignment of error, the State contends that the trial court erred in granting the motion without first holding a hearing.
R.C. 2953.32 governs the procedure for sealing a record of conviction. Subdivision (B) provides, in relevant part:
 Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application.
 The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. * * * (Emphasis added.) The language of this statutory provision is mandatory and
requires that the trial court hold a hearing on an application for expungement. State v. Saltzer (1984), 14 Ohio App.3d 394, 395; State v. Lisy (Sept. 21, 2000), Cuyahoga App. No. 77915, unreported at 3-4; State v. Woolley (Mar. 30, 1995), Cuyahoga App. No. 67312, unreported at 3; State v. Flynn (Apr. 18, 1991), Cuyahoga App. No. 60484, unreported at 3.
A review of the record reveals that the trial court did not hold a hearing on appellee's application as required by the statute. Accordingly, we sustain the state's first assignment of error and remand for a hearing on the application to seal the record.
In its second assignment of error, the State contends that the trial court erred when it granted appellee's application because appellee was not a first offender as defined by R.C. 2953.31. Because we have held that the trial court erred in granting the application without first holding a hearing, it is not necessary for us to review this assigned error. App.R. 12(A)(1)(c).
The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. TIMOTHY E. McMONAGLE, J., CONCUR.
 _____________________ JUDGE JOHN T. PATTON