JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant State of Ohio appeals from the trial court's order granting defendant-appellee Said S. Alimi's application to seal official records. The State contends that the trial court erred in its order because defendant was not finally discharged as required under R.C.2953.32(A)(1), and therefore, his record should not have been sealed. We agree that the trial court's expungement order should be reversed and vacated.
On February 18, 1994, defendant was indicted by the Cuyahoga County Grand Jury on four counts of trafficking in food stamps (R.C. 2913.46); one count of possession of criminal tools (R.C. 2923.24); and one count of criminal simulation (R.C. 2913.32). On May 18, 1994, in Case No. CR-306448, defendant pled guilty to two counts of trafficking in food stamps and one count of criminal simulation, both fourth degree felonies. The trial court sentenced defendant to six months on each count to run concurrently, a $1,000 fine on each count with $2,000 suspended and court costs. This sentence was suspended on the condition that defendant serve one year probation, pay a $1,000 fine and court costs, perform one hundred and twenty hours of community work service, maintain employment and remain alcohol and drug free. On April 5, 1996, defendant paid his fine and court costs in full.
On April 12, 1999, defendant filed a petition for post-conviction relief, or, in the alternative, motion to withdraw guilty plea and to proceed in forma pauperis. In this motion, defendant asserted that pursuant to R.C. 2953.21, he is entitled to have his prior convictions vacated and his guilty pleas set aside because the trial court failed to advise him of the deportation consequences of his guilty pleas as required under R.C. 2943.031(A) and he faced deportation because he was not a United States citizen. He further asserted that because his guilty pleas were entered without sufficient knowledge of the consequences, his convictions were manifestly unjust and he should be permitted to withdraw the pleas under Crim.R. 32.1. On May 21, 1999, the State filed its motion to dismiss petition for post-conviction relief, or, in the alternative, motion to deny the motion to withdraw guilty plea. Subsequently, on August 24, 1999, after a hearing was conducted, the trial court granted defendant's motion.
On September 28, 1999, upon the recommendation of the prosecutor, defendant's counts of trafficking in food stamps were amended to read theft (R.C. 2913.02), a first degree misdemeanor. Defendant was then permitted to withdraw his previously entered guilty plea and enter a plea of guilty to the two theft counts under the same criminal case number. The remaining counts were nolled and defendant was sentenced to six months on each count, to run concurrently. The trial court then suspended execution of defendant's sentence and he was placed on six months probation, fined $500 and ordered to pay restitution. On September 29, 1999, defendant paid his fine and court costs in full and on October 19, 1999, the trial court terminated defendant's probation.
On November 9, 1999, defendant filed his application to seal official records seeking to seal any and all records containing reference to his original guilty pleas in 1994. Defendant asserted in his motion that these prior felony convictions no longer existed as they contravened the amended September 28, 1999 entry, and therefore, his interest in having the original 1994 convictions expunged outweighed any legitimate needs of the government to maintain these records.
On March 31, 2000, the trial court granted defendant's motion for expungement. In its Journal Entry, the trial court ordered the sealing of all official records pertaining to Case No. CR-306448, which included both the 1994 and 1999 convictions.
This appeal follows. Appellee has filed no brief herein.
We will address Assignment of Error I only as we find it is dispositive of this appeal.
 I. THE TRIAL COURT ERRED WHEN IT GRANTED AN APPLICATION FOR THE SEALING OF A CRIMINAL RECORD WHERE THE APPLICANT WAS NOT FINALLY DISCHARGED AFTER A MISDEMEANOR CONVICTION PURSUANT TO R.C. 2953.31(A) AND R.C. 2953.32(A)(1).
In his application to seal records, defendant sought only to eliminate all records pertaining to his 1994 felony convictions. However, the State, in its appeal, asserts that defendant is not yet eligible for expungement because the one-year time period under R.C. 2953.32(A)(1) has not expired since his final discharge from the 1999 misdemeanor theft convictions. We find merit to the claims of both parties.
The time requirements for an application for expungement are set forth in R.C. 2953.32(A)(1) as follows:
 Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after final discharge if convicted of a misdemeanor.
Final discharge occurs where all obligations imposed by the court are completed. State v. Flynn (Apr. 18, 1991), Cuyahoga App. No. 60484, unreported, citing State v. Braun (July 7, 1983), Cuyahoga App. No. 46082, unreported. This Court has also stated that [a]n offender is not finally discharged until she has served any sentence previously imposed by the court. State v. Pettis (May 17, 1999), Cuyahoga App. No. 74989, unreported.
We first note that this case presents a very unique and unusual set of circumstances for our review. The record reflects that on May 18, 1994, defendant pled guilty to three felony counts. Five years later, after defendant's petition for post-conviction relief was granted, the prosecutor recommended that defendant's felony trafficking counts be amended to misdemeanor theft counts. The remaining counts were nolled. Defendant was then permitted to withdraw his previously entered guilty pleas and enter a plea of guilty to the two misdemeanor theft counts. On October 19, 1999, the trial court discharged defendant from his term of probation for these offenses. Subsequently, on March 31, 2000, the trial court ordered that all official records pertaining to Case No. CR-306448 be sealed. As a result of this order, both defendant's 1994 felony convictions and his 1999 misdemeanor convictions were expunged.
Based on these facts, we find that the termination of defendant's probation on October 19, 1999, constituted his final discharge within the meaning of R.C. 2953.32(A)(1). Thus, the State correctly asserts that pursuant to this section, defendant was not eligible for expungement of the theft offenses until one year after that date or October 19, 2000. However, defendant prematurely filed his motion to seal official records on November 9, 1999. Because defendant was precluded from moving for an expungement order of the theft offenses until October 19, 2000, the trial court erred in sealing the records of these convictions. See Flynn, supra; State v. Pedersen (Sept. 22, 2000), Muskingum App. No. CT2000-0010, unreported. The trial court's expungement order will be reversed and vacated.
Moreover, we agree with defendant's claim that the 1994 convictions no longer exist after the 1999 guilty pleas. Clearly, the trial court should have vacated the two 1994 felony trafficking in food stamps convictions prior to amending the counts and permitting defendant to plead guilty to the two misdemeanor theft counts under the same criminal case number. We further note that as of October 19, 2000, defendant is now eligible to apply for expungement of his 1999 theft convictions. Even though defendant prematurely filed his application for expungement on November 9, 1999, nothing prevents him now from filing a timely application after October 19, 2000, to seal the records of his 1999 convictions. Thereafter, a hearing should be scheduled on the application as is required under R.C.2953.32(B). See State v. Saltzer (1984), 14 Ohio App.3d 394; State v. Woolley (Mar. 30, 1995), Cuyahoga App. No. 67312, unreported.
Assignment of Error I is sustained.
 II. A TRIAL COURT ERRS IN SEALING A RECORD OF CONVICTION WITHOUT FIRST HOLDING A HEARING AS REQUIRED BY R.C. 2953.32(B).
Given our disposition of Assignment of Error I, we do not find it necessary to address Assignment of Error II which is moot. App.R. 12(A)(1)(c).
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
 _________________________ JAMES M. PORTER, JUDGE
DYKE, A.J., and TIMOTHY E. McMONAGLE, J., CONCUR.