ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
Plaintiff-appellant State of Ohio challenges the trial court order that granted defendant-appellee Thomas Vegh's application for expungement of his conviction for possession of cocaine.
Appellant asserts in its first assignment of error the trial court failed to comply with the requirements of R.C. 2953.32(B) prior to issuing its order. Appellant further asserts the trial court lacked jurisdiction to issue its order since appellee was not a "first offender" within the meaning of R.C. 2953.31(A).
This court cannot consider appellant's second assertion due to the nature of the limited record on appeal. State v. Saltzer (1984),14 Ohio App.3d 394. However, the trial court's failures to set a date for hearing and to notify the prosecutor of that date constituted reversible error. Since appellant's first assignment of error has merit, this case must be remanded for further proceedings.
The record reflects in November, 1993 appellee was indicted on three counts of drug law violations and one count of possession of criminal tools. Following two pretrial hearings, appellee entered a plea to an amended count one, viz., possession of cocaine in less than the bulk amount, R.C. 2925.03. The trial court accepted appellee's plea, then ordered him referred to the probation department for a presentence investigation and report.
On January 24, 1994 the trial court sentenced appellee to a term of incarceration of one and one-half years and imposed upon him a fine of $2500; however, the trial court suspended execution of sentence. Appellee was placed on three years of conditional probation and ordered to pay a reduced fine.
On February 7, 2000 appellee filed a motion for expungement of his conviction pursuant to R.C. 2953.32(C)(2). Although appellee's certificate of service contained a statement appellant was served with a copy of his motion on that date, there is nothing in the record which confirms that statement.
The following day, the trial court ordered appellee referred to the probation department for an expungement investigation report.
On April 7, 2000 the trial court issued its order of expunge-ment of appellee's conviction. Appellant received service of this order on April 11, 2000. This appeal was filed shortly thereafter.
Appellant's first assignment of error, which challenges the trial court's order on the basis of its failure to comply with the requirements of R.C. 2953.32(B), has merit.
R.C. 2953.32(B) imposes a mandatory duty upon the trial court to both "set a date for a hearing and * * * notify the prosecutor for the case of the hearing on the application." See, e.g., State v. Simon (2000),87 Ohio St.3d 531 at 533. It is axiomatic that a trial court speaks only through its journal entries. Schenley v. Kauth (1953), 160 Ohio St. 109.
Since the record reflects the trial court neither set a specific date for a hearing on appellee's motion nor notified appellant of a date upon which it would proceed to consider appellee's motion, the trial court erred in granting it. State v. Saltzer, supra; cf., State v. Hamilton (1996), 75 Ohio St.3d 636 at 638, 640.
This case must be remanded for further proceedings consistent with this opinion. This court reminds the trial court that since the purpose of an expungement hearing is to permit it to "gather information" from several sources, including appellant, it is required "to examine the entire record" to determine whether the applicant is eligible for expungement. State v. Simon, supra. Thus, it must permit appellant the opportunity to respond to appellee's motion. State v. Hamilton, supra. Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 ___________________________ KENNETH A. ROCCO, JUDGE
ANN DYKE, A.J. and ANNE L. KILBANE, J. CONCUR