JOURNAL ENTRY AND OPINION
The State of Ohio appeals from the order of the trial court which denied its motion to vacate an expungement. For the reasons set forth below, we reverse and remand for further proceedings.
On February 4, 2000, defendant Matthew Pantages filed a motion to seal his record in case no. 24731.[1] The trial court granted the motion without holding a hearing, contrary to the requirements of R.C. 2953.32(B).[2]
Thereafter, on June 7, 2000, the state filed a motion to vacate the order of expungement. The trial court held a hearing on this motion on July 13, 2000. At this time, the state indicated that defendant was not a first offender because he had a conviction for driving under suspension in violation of R.C. 4507.02 and a conviction for driving with an expired license. Following the hearing, the trial court denied the state's motion to vacate the expungement order. The state now appeals.
For its sole assignment of error, the state asserts that defendant was not a first offender and that the trial court erred in failing to vacate its expungement order.
The sealing of a record of conviction is governed by R.C. 2953.32 which provides in relevant part as follows:
 (A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. * * *
First offender is in turn defined in R.C. 2953.31 as follows:
 "Anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.
 "For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, a conviction for a violation of any section in Chapter 4511., 4513., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section in those chapters, is not a previous or subsequent conviction. A conviction for a violation of section 4511.19, 4511.192, 4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or 4549.07, or sections 4549.41 to 4549.46 of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections, shall be considered a previous or subsequent conviction."
This statute therefore lists Revised Code Chapters which are excluded from consideration when determining whether the movant is a first offender (R.C. Chapters 4511, 4513 and 4549). The statute then goes on to list the exceptions to the exceptions or the specific provisions within these R.C. Chapters which will in fact be considered in determining whether the movant is a first offender.
In this instance, the record demonstrates that in October 1995, defendant was charged in the Parma Municipal Court with driving with a suspended license in violation of R.C. 4509.17. He was subsequently convicted of driving with an expired drivers' license in violation of North Royalton Ordinance 436.01. This offense is a minor misdemeanor. See North Royalton 436.01(g); see also, R.C. 4507.99(D); R.C. 4507.99(H) (license which has expired for no more than six months is a minor misdemeanor; for longer periods of time, it is a misdemeanor of the first degree). This offense therefore does not constitute a previous or subsequent offense which would preclude expungement.
The record also demonstrates, however, that in October 1995, defendant was convicted of violating R.C. 4507.02 in Garfield Heights Municipal Court. That offense is a misdemeanor of the first degree. See R.C.4507.99(C). It is not a minor misdemeanor, and is not one of the R.C. Chapters which are exempted from consideration when determining first offender status pursuant to R.C. 2953.31. Defendant is therefore not eligible for expungement in the instant matter. Accord State v. Lester (April 23, 1987), Cuyahoga App. No. 52858 (defendant's conviction for an offense comparable to a violation of R.C. 4509.76 precluded him from being a first offender and from obtaining expungement); State v. Edmister (May 27, 1999), Cuyahoga App. No. 75376, unreported (expungement vacated where the defendant had previously been convicted of driving with a suspended license in violation of Lyndhurst Municipal Ordinance 335.07, a misdemeanor of the first degree).
The state's assignment of error is well-taken. The judgment of the trial court is reversed and this case is remanded for proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., AND JAMES J. SWEENEY, J., CONCUR.
 _________________ ANN DYKE, JUDGE
[1] This matter arose in 1990 and defendant was released from probation in 1991.
[2] R.C. 2953.32(B) provides, in relevant part:
 Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. * * * (Emphasis added.)
The trial court was therefore required to hold a hearing on the motion for expungement. State v. Saltzer (1984), 14 Ohio App.3d 394, 395; State v. Lisy (Sept. 21, 2000), Cuyahoga App. No. 77915, unreported. Where the trial court grants the motion without holding a hearing, its action is void. State v. Hall (March 20, 2000), Mahoning App. No. 99 CA 190, unreported, citing In re Davis (1999), 84 Ohio St.3d 520, 522. Accordingly, the trial court's initial grant of the motion was a nullity and the trial court retained jurisdiction to hold the subsequent hearing on July 13, 2000.