JOURNAL ENTRY and OPINION
Defendant, Clarence Williams, through counsel, has filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in Statev. Williams (Dec. 7, 2000), Cuyahoga App. No. 76816, unreported. In that opinion, we affirmed defendant's convictions for one count of possession of drugs. In the application to reopen, counsel asserts that trial counsel failed to request a continuance when a necessary witness for the defense was unavailable; that trial counsel failed to take any steps to obtain a final appealable order on Mr. Williams' motion for a new trial; that appellate counsel failed to raise ineffective assistance of trial counsel as an assignment of error on direct appeal; and that appellate counsel failed to take any steps to obtain a final appealable order on Mr. Williams' motion for a new trial.
On April 11, 2001, the State of Ohio filed a motion to strike the sworn testimony of Tanika Wall, which was attached to Williams' application to reopen. Then on April 16, 2001, the State of Ohio filed a brief in opposition to the application for reopening. Applicant, through counsel, filed a motion in opposition to the State's motion to strike on April 19, 2001. For the below stated reasons, we decline to reopen Mr. Williams' original appeal.
Res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine ofres judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
Herein, Mr. Williams sought to appeal his case to the Supreme Court of Ohio, which denied his appeal. State v. Williams (2001),91 Ohio St.3d 1490, 745 N.E.2d 437 [Supreme Court of Ohio Case No. 01-141]. Because the issue of ineffective assistance of appellate counsel was or could have been raised, res judicata now bars relitigation of this matter. Furthermore, Williams' counsel provides no justification why the application of res judicata would be unjust in this matter.
Additionally, the affidavit of counsel is not sufficient to comply with App.R. 26(B)(2), which provides:
An application for reopening shall contain all of the following:
* * *
 (D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *
In the affidavit, Mr. Williams' counsel avers that he was appointed to file an application to reopen the appeal; that he has thoroughly reviewed the record in this matter; and that it his professional opinion that Williams was denied effective assistance of trial counsel and appellate counsel for the above-stated reasons. However, counsel did not state the manner in which these alleged deficiencies prejudiced the outcome of the appeal. Applicant's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. See, e.g.,State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5.
Notwithstanding the above, to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In support of Williams' application, counsel has included a copy of the sworn testimony given by Tanika Wall on March 9, 1999, the day after Clarence Williams' trial. Williams' counsel asserts that this testimony was essential to Williams' defense and that trial counsel should have requested a continuance to secure Ms. Walls' testimony. Counsel further states that appellate counsel's failure to raise ineffective assistance of trial counsel as an assignment of error constituted ineffective assistance of appellate counsel.
In determining whether this failure constituted ineffective assistance of appellate counsel, we may not consider the sworn testimony of Ms. Wall. Her testimony was not presented at trial and will not be considered by this court. State v. Goney (1995), 72 Ohio St.3d 314, 649 N.E.2d 1225;State v. Hull (1994), 71 Ohio St.3d 292, 643 N.E.2d 546; State v.Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500; State v. Saltzer
(1984), 14 Ohio App.3d 394, 471 N.E.2d 872; State v. Kazas (Aug. 14, 2000), Cuyahoga App. Nos. 72546, 72547, unreported; State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, unreported; State v. Collins (June 22, 1995), Cuyahoga App. No. 67165, unreported, reopening disallowed (Feb. 10, 1997), Motion No. 77984. Furthermore, it would have been inappropriate for appellate counsel to have assigned error with respect to the contents of the sworn testimony since this testimony was not part of the trial record. Goney, supra. Likewise, any post-conviction measures taken by counsel are not part of the record and will not considered in determining whether appellate counsel was ineffective.
In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The Court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland,104 S.Ct. at 2065.
In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error that are meritless. Barnes, supra.
A substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel on appeal. Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Coulter (1992), 75 Ohio App.3d 219,598 N.E.2d 1324; State v. Mack (Oct. 26, 2000), Cuyahoga App. No. 77459, unreported. After reviewing the record of trial, it is evident that defense counsel did not reasonably believe, based upon the testimony of the police officers, the location of the drugs in the vehicle compared to where Mr. Williams was sitting, and the court's favorable ruling on the defense's motion for acquittal made on count two of the indictment, possession of criminal tools, that the court would find Mr. Williams guilty of possession of drugs beyond a reasonable doubt. Trial counsel's decision not to request a continuance to secure a defense witness, therefore, is presumed to be trial strategy.
Accordingly, the application to reopen is denied.
PATRICIA A. BLACKMON J. and TERRENCE O'DONNELL J. CONCUR.