JOURNAL ENTRY and OPINION
Appellant State of Ohio appeals from the lower court's order sealing appellee Walter Meyer's record stemming from a 1997 conviction for aggravated assault. The State assigns the following as errors for our review:
 I. A TRIAL COURT ERRS IN RULING ON A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32 WITHOUT FIRST HOLDING A HEARING. (R.C. 2953.32(B); STATE V. HAMILTON (1996), 75 OHIO ST.3d 363, [sic] STATE V. SALTZER (1984), 14 OHIO APP.3d 394, FOLLOWED [sic].
 II. A TRIAL COURT ERRS IN GRANTING A MOTION TO SEAL THE RECORD OF CONVICTION WHEN IT IS WITHOUT JURISDICTION TO GRANT SAID MOTION TO APPLICANT WHO WAS CONVICTED OF A CRIME OF VIOLENCE, NOT ALLOWED BY R.C. 2953.36.
Having reviewed the record and pertinent law, we reverse and vacate the decision of the trial court and remand this matter for further proceedings. The apposite facts follow.
On August 5, 1997, the trial court accepted Meyer's guilty plea to one count of aggravated assault under R.C. 2903.12. On November 7, 2000, Meyer filed with the trial court a motion for expungement. The State opposed the motion, arguing that Meyer was convicted of an offense of violence and thus not eligible for expungement.[1] On March 26, 2001, the trial court, without a hearing, journalized an order to seal the records pertaining to this case. The State appeals from that order.
In its first assigned error, the State argues the trial court is compelled to hold a hearing before ruling on a motion for expungement. We agree.
R.C. 2953.32 provides:
 Upon the filing of an application [for expungement], the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. * * *.
The State asserts that this language is mandatory and that the trial court in this matter did not set a hearing. Meyer concedes both points. We agree that a trial court must set a hearing prior to ruling on a motion for expungement.[2] Failure to do so is reversible error.[3]
Although the State's first assigned error has merit, we need not remand to the trial court for the purpose of a hearing due to our resolution of the State's second assigned error.
In it's second assigned error, the State argues R.C. 2953.36 precludes the trial court from obtaining jurisdiction to grant Meyer's motion for expungement. We agree.
 The expungement statute is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having the record of their first conviction sealed should the court, in its discretion, so decide. Expungement of a criminal record is an act of grace created by the State. Because expungement is a matter of privilege, not of right, the requirements of the expungement must be strictly followed.[4]
R.C. 2953.36 provides that a court will not grant a motion for expungement following:
 (C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree;
* * *
Meyer was convicted of aggravated assault, a fourth degree felony, under R.C. 2903.12. R.C. 2901.01 defines an offense of violence to include a violation of R.C. 2903.12. These facts are not in debate. Therefore, the trial court erred in granting Meyer's motion for expungement. The State's second assigned error has merit.
Judgment of expungement is reversed and vacated; the case is remanded to the lower court for proceedings consistent with this opinion.
This cause is reversed, vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] See, R.C. 2953.36 (C) and R.C. 2901.01 (A)(9).
[2] See State v. Saltzer (1984), 14 Ohio App.3d 394, 471 N.E.2d 872, syllabus.
[3] Id.
[4] State v. Mitchell, 1997 Ohio App. LEXIS 1755 (May 1, 1997), Cuyahoga App. No. 71155, unreported.