JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant the State of Ohio appeals from the trial court's order that granted defendant-appellee Janice C. McCune's, application for expungement. The defendant has not filed an answer brief. For the reasons that follow, we reverse and remand for further proceedings.
On September 12, 1990, defendant plead guilty to one count of theft, a violation of R.C. 2913.02. On October 10, 1990, the court sentenced defendant to one year of incarceration and suspended the sentence by placing her on one year probation with conditions. Over eleven years later, defendant filed an application for expungement dated February 22, 2001. The trial court granted the expungement without a hearing. The State filed a timely appeal and assigns two assignments of error for our review, which state:
 I. A TRIAL COURT ERRS IN RULING ON A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32 WITHOUT FIRST HOLDING A HEARING. (R.C. 2953.32(B); STATE V. HAMILTON (1996), 75 OHIO ST.3d 363, STATE V. SALTZER (1984), 14 OHIO APP.3d 394, FOLLOWED.
 II. A TRIAL COURT ERRED IN GRANTING A MOTION TO SEAL THE RECORD OF CONVICTION WHEN IT IS WITHOUT JURISDICTION TO GRANT SAID MOTION TO AN APPLICANT WHO IS NOT A FIRST OFFENDER DUE TO HIS CONVICTION FOR DRIVING UNDER SUSPENSION.
We address only the first assignment of error since its disposition renders the second assigned error moot. See App.R. 12(A)(1)(c).
The State urges reversal on the ground that the trial court failed to conduct a hearing as required by R.C. 2953.32(B) which provides:
 (B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application.
 The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant.
The statutory mandates require the trial court to hold a hearing prior to issuing a decision on an application filed pursuant to R.C. 2953.32. State v. Pantages (Feb. 15, 2001), Cuyahoga App. No. 78446, unreported, citing State v. Saltzer (1984), 14 Ohio App.3d 394, 395 [other citations omitted]; State v. Lisy (Sept. 21, 2000), Cuyahoga App. No. 77915, unreported. Where, as here, the trial court grants an application for expungement without a hearing, the order is void. Id.
The first assignment of error is sustained. The judgment is reversed and remanded for further proceedings in accordance with R.C. 2953.32.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.