JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
Appellant, the State of Ohio, appeals from the judgment of the Cuyahoga County Court of Common Pleas, which granted the application for expungement of the appellee, Cleveland Perkins.
On December 11, 1990, Perkins pleaded guilty to theft, in violation of R.C. 2913.02. The trial court sentenced him to serve an eighteen-month term of incarceration at the Lorain Correctional Institution. The execution of sentence was suspended, and Perkins was placed on five years probation subject to the conditions of paying court costs and $2,400 restitution.
On February 7, 2001, Perkins filed an application for expungement to seal the record of his theft conviction. On April 4, 2001, the State filed a brief in opposition. On May 31, 2001, the trial court ordered Perkins' record sealed without conducting a formal hearing on his application. From this order, the State assigns the following errors:
 I. A TRIAL COURT ERRS IN RULING ON A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32 WITHOUT FIRST HOLDING A HEARING. (R.C. 2953.32(B); STATE V. HAMILTON (1996), 75 OHIO ST.3D [636], STATE V. SALTZER (1984), 14 OHIO APP.3d 394, FOLLOWED.
 II. A TRIAL COURT ERRED IN GRANTING A MOTION TO SEAL THE RECORD OF CONVICTION WHEN IT IS WITHOUT JURISDICTION TO GRANT SAID MOTION TO AN APPLICANT WHO IS NOT A FIRST OFFENDER DUE TO HIS CONVICTION FOR DISORDERLY CONDUCT WITH A COUNT OF RESISTING ARREST.
In the State's first assignment of error, it contends that the trial court erroneously sealed Perkins' record without first holding a hearing on his application as is required by R.C. 2953.32(B), which provides in part: [u]pon filing of the application, the court shall set a date for a hearing and shall notify the prosecuting attorney of the hearing on the application.
As stated by this court in State v. Saltzer (1984), 14 Ohio App.3d 394, * * * the requirement of a hearing is mandatory and each application for expungement must be set for a hearing. The trial court erred by failing to conduct a hearing on Perkins' application. The State's first assignment of error has merit.
In the State's second assignment of error, it contends that the trial court lacked jurisdiction to seal Perkins' record because he is not a first offender as defined in R.C. 2953.31(A). Because the trial court erred by failing to hold a hearing, we will not address whether Perkins is a first offender as the trial court can consider that at the hearing.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.