JOURNAL ENTRY and OPINION
Appellant John Uher appeals from the trial court's denial of his application to seal his criminal record stemming from an indictment dismissed in 1981. In its answer, appellee State of Ohio concedes the trial court erred in not conducting a merit hearing before ruling on Uher's application.
Despite the parties concordance, we are compelled to independently resolve this matter. Uher assigns the following as error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AND ABUSED ITS DISCRETION IN DENYING THE MOTION TO SEAL [SIC] RECORD PURSUANT TO OHIO REVISED CODE SECTIONS 2953.52 AND 2953.53.
Having reviewed the record and pertinent law, we vacate the trial court's decision and remand this matter to the trial court for proceedings consistent with this opinion. The apposite facts follow.
On July 14, 1981, a Cuyahoga County grand jury indicted Uher for two counts of aggravated murder. Less than three months later, the common pleas court dismissed the indictment with prejudice for want of prosecution. On January 30, 2001, Uher filed an Application to Seal Record of Dismissal of Proceeding. Without first conducting a merit hearing, the common pleas court denied Uher's motion on April 23, 2001. This appeal followed.
R.C. 2953.32 provides:
 (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.
 (B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.
[Emphasis added].
As we stated in State v. Saltzer,[1] The requirement of a hearing set forth in R.C. 2953.32(B) is mandatory and each application for expungement must be set for hearing.[2] Here, the trial court did not conduct a merit hearing before ruling on Uher's application. During oral argument, the prosecutor argued that this court has reversed the granting of an expungement although the trial court did not hold a hearing. We note that this has occurred once in State v. Robello.[3] In that case, the appellant had a firearm. We, however, take the position that the better course of action is to remand the case for a hearing to determine whether the prosecution's objection to the expungement contains the degree of specification as required in R.C. 2953.32.
Judgment vacated and cause remanded for a hearing consistent with this opinion.
Costs to be divided equally between appellee and appellant.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] (1984), 14 Ohio App.3d 394, 471 N.E.2d 872.
[2] Id. at syllabus.
[3] 2000 Ohio App. LEXIS 1924, (May 4, 2000), Cuyahoga App. No. 77076, unreported.