JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Thomas J. Pokorny that granted appellee Markeeta Houston's motion to seal the record of her prior conviction for theft. Appellant State claims it was error to grant the motion when, in contravention of R. C. 2953.32, no hearing was set or held prior to entry of judgment. We reverse and remand.
On January 11, 1984, Houston pleaded guilty to one count of theft, in violation of R.C. 2913.02, in Cuyahoga County Case No. CR-181323, was sentenced to six months in the Cleveland House of Corrections (suspended), one year probation, a $350 fine and $89 in costs, and one year later her probation was terminated. On April 9, 2001, she filed a motion for expungement of her arrest and conviction records. An April 12, 2001 journal entry referred her to the Cuyahoga County Probation Department for completion of an expungement investigation report, and on June 18, 2001, the judge granted her expungement motion. Ten days later, the State filed its brief in opposition to Houston's motion. The docket reveals that a hearing on the motion was neither scheduled nor held.
The State claims two assignments of error, to which Houston has not responded.
 I. A TRIAL COURT ERRS IN RULING ON A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32 WITHOUT FIRST HOLDING A HEARING (R.C.2953.32(B); STATE V. HAMILTON (1996), 75 OHIO ST.3d 363 [sic], STATE V. SALTZER (1984), 14 OHIO APP.3d 394, FOLLOWED).
R.C. 2953.32(B) provides:
 Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application. * * *
This court has consistently held that a judge has a mandatory duty to hold a hearing prior to ruling on a motion to seal a record of conviction, and that failure to hold such a hearing requires a reversal and remand for that purpose.[1]
That the State failed to object to Houston's motion prior to ruling has no bearing on our decision. In State v. Hamilton,[2] the State did not file written objections to a motion for expungement but appeared to argue against it at the hearing. The Ohio Supreme Court ruled that the State need not file objections to such a motion before a hearing under R.C.2953.32, but has the option to do so and/or appear to challenge it at the hearing. The first assignment of error is sustained.
 II. A TRIAL COURT ERRS IN GRANTING A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32 WHEN APPELLEE DOES NOT PAY HER FINE, PURSUANT TO HER SENTENCE.
We cannot review this assignment because the lack of a hearing deprives us of an evidentiary record. We decline to address its merits before a hearing is held below.[3] "The arguments raised under this assignment of error reach the merits of appellant's application for expungement and must be determined by the trial court after hearing. The issues raised are not ripe for appeal."[4]
Judgment reversed and remanded.
It is ordered that the appellant recover from the appellee its costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] State v. Saltzer (1984), 14 Ohio App.3d 394, 395, 471 N.E.2d 872; See, also, State v. Pantages (Feb. 15, 2001), Cuyahoga App. No. 78446, unreported; State v. Reid (Oct. 12, 2000), Cuyahoga App. No. 77822, unreported; State v. Lisy, (Sept. 21, 2000), Cuyahoga App. No. 77915, unreported, State v. Woolley, (Mar. 30, 1995), Cuyahoga App. No. 67312, unreported; State v. Flynn, (Apr. 18, 1991), Cuyahoga App. No. 60484, unreported; State v. Powell (Apr. 1, 1982), Cuyahoga App. No. 43784, unreported; State v. Harris (Mar. 4, 1982), Cuyahoga App. Nos. 43689, 43690, and 43691, unreported.
[2] (1996), 75 Ohio St.3d 636, 665 N.E.2d 669.
[3] See App.R. 12(A)(1)(c).
[4] State v. Saltzer (1984), 14 Ohio App.3d 394, 395, 471 N.E.2d 872,874.