JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Christine T. McMonagle that sealed conviction records of appellee Theodora Dean pursuant to R.C.2953.32. The appellant State of Ohio claims it was error to grant the motion without holding a hearing, and that Dean was not a first offender and did not qualify for expungement. We reverse and remand.
On March 1, 2001, Dean filed an application to seal the records of her 1980 convictions for theft[1] and attempted possession of criminal tools.[2] The judge referred the application to the probation department for investigation and, on August 9, 2001, the prosecutor filed objections to the application because Dean had failed to pay the outstanding fines and court costs stemming from the convictions and was ineligible for relief under R.C. 2953.32. On August 30, 2001, without scheduling or holding a hearing, the judge granted the application, finding that the prosecutor had been notified and that Dean had paid the fines and court costs. The State's first assignment of error states:
 I. A Trial Court Errs in Ruling on a Motion for Expungement Filed Pursuant to R.C. 2953.32 Without First Holding a Hearing.R.C. 2953.32(B) states:
Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. * * *. The relevant language has not changed substantially since the decision in State v. Saltzer,[3] which held that the statute required a judge to set a hearing on applications to seal conviction records.[4] Although Dean argues that the definition of hearing can include the consideration of written memoranda without oral argument, this cannot be the meaning intended by R.C. 2953.32(B), for there would be no need to set a date for a judge to consider memoranda. This court continues to follow the holding in Saltzer[5] and finds it is error to grant such an application without holding a hearing. The first assignment of error is sustained. The second assignment states:
 II. A Trial Court Erred [sic] in Granting a Motion to Seal the Record of Conviction When it Is Without Jurisdiction to Grant Said Motion to an Applicant Who Is Not a First Offender.
Unless the record shows a lack of jurisdiction over the defendant's application, the failure to hold a hearing requires remand for further proceedings.[6] The record here does not show a lack of jurisdiction, and remand is therefore appropriate.
Judgment reversed and remanded.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., CONCURS JAMES D. SWEENEY, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION.
[1] R.C. 2913.02.
[2] R.C. 2923.02, 2923.24.
[3] (1984), 14 Ohio App.3d 394, 14 OBR 500, 471 N.E.2d 872.
[4] Id. at 395.
[5] See State v. Houston, Cuyahoga App. No. 80015, 2002-Ohio-329, and cases cited therein.
[6] Houston; cf. State v. Meyer (Nov. 29, 2001), Cuyahoga App. No. 79513.