JOURNAL ENTRY AND OPINION.
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, State of Ohio, appeals the lower court's granting of Steven Davis' motion to seal the record of his conviction, pursuant R.C. 2953.32.
 {¶ 3} Davis was indicted in May 1996 in Case No. CR-339387 on two counts: count one, drug trafficking, in violation of R.C. 2925.03, and count two, possession of criminal tools, in violation of R.C. 2923.24. On August 19, 1996, Davis pleaded guilty to count one, drug trafficking, and count two was nolled. The lower court sentenced him to a one-year term, suspended the sentence and placed him on probation.
 {¶ 4} On April 26, 2002, Davis filed a pro se motion to seal the record of his conviction, pursuant to R.C. 2953.32. The State filed its brief in opposition on August 20, 2002. On September 16, 2002, the court granted the motion, which was subsequently journalized as the judgment entry of conviction on September 24, 2002.
 {¶ 5} This standardized form labeled "judgment entry of conviction" states in pertinent part:
 {¶ 6} "This matter came on to be heard upon the application of expungement of the applicant's conviction. The Court has given notice to the Prosecutor for the case and the Probation Department and a report has been received from the Probation Department as to the defendant. The Court has considered the evidence and the reasons against granting the applicant specified in the objection, if any, filed by the Prosecutor. * * * The applicant's conviction shall be sealed * * *."
 {¶ 7} The State appeals and submits two assignments of error for our review.
 {¶ 8} "I. A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. R.C.2953.32(B); State v. Hamilton (1996), 75 Ohio St.3d 363; State v.Saltzer (1984), 14 Ohio App.3d 394, followed."
 {¶ 9} R.C. 2953.32(B) provides in pertinent part:
 {¶ 10} "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application."
 {¶ 11} The lower court failed to comply with the mandatory requirement of R.C. 2953.32(B) to schedule a date for a hearing. The record is silent on whether a hearing date was set despite the fact that the standardized, fill-in-the-blank form indicated the prosecutor was duly notified and the matter was heard on September 16, 2002. In Statev. Rebello (May 4, 2000), Cuyahoga App. No. 77076, this court held the trial court must set the mandatory hearing date. As such, the appellant's first assignment of error is well taken.
 {¶ 12} "II. The trial court erred in granting a motion to seal the record of conviction when it is without jurisdiction to grant said motion to an applicant who is not a first offender."
 {¶ 13} Appellant contends the lower court erred by granting appellee's motion to seal the record of conviction because appellee had a 1996 conviction for driving under suspension in Berea, Ohio, thus rendering him ineligible for expungement under section R.C. 2953.31(A) "first time offender." The record is void of any proof of appellee's prior conviction.
 {¶ 14} This cause is reversed and remanded for the lower court to set a mandatory hearing date with the appropriate notices provided. Whether the trial judge in the instant matter is without jurisdiction to grant the expungement shall be determined on remand.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and ANN DYKE, J., concur.