{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand.
 I {¶ 2} According to the case and the facts, the appellee, William McGregor, was indicted on November 3, 1982 at the age of 19 by the Cuyahoga County Grand Jury on count one, attempted murder, R.C. 2903.02/2923.02. Appellee pled guilty to aggravated assault, R.C. 2903.12, on April 25, 1983. He was sentenced to one year probation and ordered to pay restitution and court costs on May 26, 1983.
 {¶ 3} Appellee filed a motion to seal arrest record and references to initial charges on clerk's docket on November 7, 2007. The trial court granted appellee's motion to seal arrest record and references to initial charges on the clerk's docket without holding a hearing. The State subsequently appealed the lower court's granting of appellee's motion to seal arrest record and references to initial charges on clerk's docket.
 II {¶ 4} Appellant's first assignment of error provides the following: "A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. R.C. 2953.32(B); State v.Hamilton (1996), 75 Ohio St.3d [636], State v. Saltzer (1984),14 Ohio App.3d 394, followed. T. n/a." *Page 4 
 {¶ 5} Appellant's second assignment of error provides the following: "A trial court errs in granting a motion to seal the record of conviction when it is without jurisdiction to grant said motion to an applicant who was convicted of a crime of violence, not allowed by R.C. 2953.36. T. n/a." III
 {¶ 6} Appellant, State of Ohio, argues in its first assignment of error that the lower court failed to hold a hearing in violation of R.C. 2953.32(B). We find merit in the State's argument.
 {¶ 7} R.C. 2953.32, sealing of record of conviction or bail forfeiture, provides the following:
"(B) Upon the filing of an application under this section, the courtshall set a date for a hearing and shall notify the prosecutor for thecase of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant." (Emphasis added.)
 {¶ 8} R.C. 2953.32(B) states in part: "Upon the filing of an application under
§ 2953.32(B), the court shall set a date for a hearing and shall notify the prosecutor
for the case of the hearing on the application. The prosecutor may object to the
granting of the application by filing an objection with the court prior to the date set for
the hearing. The prosecutor shall specify in the objection the reasons he believes
justify a denial of the application." State v. Hamilton (1996), 75 Ohio St.3d 636; State v. Saltzer (1984), 14 Ohio App.3d 394.
 {¶ 9} In the case at bar, the lower court failed to hold a hearing as required by R.C. 2953.32(B). The order granting expungement is reversed and remanded to the lower court for the purpose of notifying the prosecutor's office of the date on which it schedules an expungement hearing and for the purpose of conducting a hearing on the motion for expungement.
 {¶ 10} Appellant's first assignment of error is sustained. Accordingly, based on the disposition of the State's first assignment of error, the State's second assignment of error is moot.
 {¶ 11} This case is hereby reversed and remanded to the lower court to conduct a hearing.
It is ordered that appellant recover of appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1