JOURNAL ENTRY AND OPINION
On November 30, 2001, Derrick Wheatt, the applicant, filed an application for reopening pursuant to App.R. 26(B). Wheatt is attempting to reopen the appellate judgment that was rendered by this Court in Statev. Wheatt (Jan. 16, 1997), Cuyahoga App. No. 70197, unreported, which affirmed his conviction for murder with a gun specification. In his application for reopening, Wheatt raises the following assignments of error with sub-parts to the second assignment of error:
 I. IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO OVERRULE CRIM.R. 29 WHERE THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION (SIC)
 II. DEFENDANT-APPELLANT WAS SUBJECTED TO PLAIN ERROR IN VIOLATION OF CRIMINAL RULE 52(B), THUS VIOLATING HIS SUBSTANTIAL RIGHTS
 A. COUNSEL COMMITTED PLAIN ERROR, [FAILURE TO CALL CRITICAL WITNESSES, [REGINALD LONGINO, STANLEY LONGINO,], AND TO EXCULPATORY EVIDENCE, [911 TAPE, FROM THE POLICE DISPATCH]; VIOLATED A SUBSTANTIAL RIGHT TO DUE PROCESS OF LAW (SIC).
 B. TRIAL COURT COMMITTED PLAIN ERROR, WHEN IT MOVED; FOR THE DISMISSAL OF THE INDICTMENT, INDICATING — THE WAS INSUFFICIENT EVIDENCE, [AT THE CLOSE OF THE STATE'S CASE IN CHIEF], TO GO FORWARD; FOR THE OFFENSE; OF [AGGRAVATED MURDER], IT WAS CLEARLY PREJUDICIAL, TO DEFENDANT-APPELLANT; WHEREAS; THEY WERE UNDER THE PREMISE. THEY WERE TO DEFEND AGAINST, A CHARGE FOR AGGRAVATED MURDER (SIC).
 C. TRIAL COURT COMMITTED PLAIN ERROR, WHEREAS; AFTER DEFENDANT-APPELLANT; WERE ALREADY CONVICTED AND SENTENCED, THE COURT WAS ALLOWED — TO AMEND THE INDICTMENT — OVER OBJECTION OF THE DEFENDANT-APPELLANT'S RIGHTS TO DUE PROCESS, AS AFFORDED IN ACCORDANCE, WITH THE 14TH AMEND. TO THE U.S. CONST. AND OHI(O) CONST. I.IO AND I.I6 (SIC).
 D. IT WAS PLAIN ERROR, TO NOT DISMISS DEFENDANTAPPELLANT, WHEREAS; THE TIME CONSTRAINTS, FOR BRINGING DEFENDANT-APPELLANT'S TO TRIAL HAD EXPIRED (SIC).
On December 11, 2001, the State of Ohio, through the Cuyahoga County Prosecutor's office, filed a motion in opposition. Thereafter, on January 2, 2002, Wheatt filed a motion in opposition to the State's motion to dismiss. For the following reasons, we decline to reopen Wheatt's appeal.
App.R. 26(B)(2)(b) mandates that Wheatt must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. See, also, State v. Cooey 1995), 73 Ohio St.3d 411,653 N.E.2d 252; State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784. Herein, Wheatt is attempting to eopen the appellate judgment more than four years after journalization of the appellate judgment. In an attempt to establish "a showing of good cause" for this untimely filing, Wheatt asserts that such good cause consists of him not aware of the procedures necessary to reopen his appeal.
This court and the Supreme Court of Ohio have firmly established that a lack of legal knowledge is not a viable ground for establishing "good cause" for the untimely filing of an application for reopening. State v.Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481, 634 N.E.2d 1027. Since Wheatt has failed to establish "a showing of good cause" for the untimely filing of his application fbr reopening, Wheatt's application for reopening is fatally defective and must be denied.
The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further reviewvis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further establZsnea that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render tne application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
Herein, Wheatt possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Wheatt, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6.
It must also be noted that Wheatt, through his first assignment of error as raised on appeal before this Court, challenged the trial court's ruling which overruled the defendantappellant's motion for acquittal pursuant to Crim.R. 29. This Court, in State v. Wheatt, supra, held that the trial court did not err when it denied each of appellant's motions for acquittal pursuant to Crim.R. 29. Accordingly, since the issue has already been found to be without merit on direct appeal, the doctrine ofres judicata once again bars this Court from reopening his direct appeal. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v. Dehler
(1995), 73 Ohio St.3d 307, 652 N.E.2d 987; State v. Terrell (1995),72 Ohio St.3d 247, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
Notwithstanding the above, Wheatt fails to establish that his appellate counsel was ineffective. In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
Thus, in order for the Court to grant the application for reopening, Wheatt must estazlish that "there is a genuine issue as. to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Wheatt failed to demonstrate any such deficiency.
Furthermore, a substantive review of the application to reopen sails to demonstrate that there exists any genuine issue as to whether Wheatt was deprived of the effective assistance of appellate counsel. In regard to trial counsel's failure to call various witnesses and present exculpatory evidence, such matters are outside of the record of trial. Accordingly, it would have been inappropriate for appellate counsel to have assigned error with respect to this issue. State v. Goney (1995), 72 Ohio St.3d 314,649 N.E.2d 1225; State v. Hull (1994), 71 Ohio St.3d 292, 643 N.E.2d 546;State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500; State v.Saltzer (1984), 14 Ohio App.3d 394, 471 N.E.2d 872; State v. Kazas (Aug. 14, 2000), Cuyahoga App. Nos. 72546, 72547, unreported; State v. Russell
(May 9, 1996), Cuyahoga App. No. 69311, unreported; State v. Collins
(June 22, 1995), Cuyahoga App. No. 67165, unreported, reopening disallowed (Feb. 10, 1997), Motion No. 77984. Rather, such issue should have been raised in postconviction relief proceedings. State v. Chaney
(Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560.
Wheatt further asserts that he was prejudiced by the trial court's amendment of the charge from aggravated murder to murder, and that such amendment violated his due process rights. According to Crim.R. 7(D),
 "The court may at anytime before, during, or after the trial amend the indictment, information, complaints or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."
This court has previously held that under Crim.R. 7(D), the original indictment can be amended during trial if the amended charge is a lesser included offense of the original charge. State v. Briscoe (1992),87 Ohio App.3d 569, 617 N.E.2d 747, citing to State v. Dean (1988),40 Ohio St.3d 205, 533 N.E.2d 294. Murder is a lesser included offense of aggravated murder. See State v. Campbell (2000), 90 Ohio St.3d 320,738 N.E.2d 1178; State v. Spirko (1991), 59 Ohio St.3d 1, 570 N.E.2d 229;State v. Nemeth (1988), 82 Ohio St.3d 202, 694 N.E.2d 1332. Accordingly, the trial court did not commit plain error when it amended the indictment to the lesser included offense of murder. Moreover, we do not find that the amendment violated Wheatt's due process rights.
Wheatt's final assignment of error claims that counsel should have raised the issue of speedy trial. However, we find this proposed assignment of error to be meritless. A review of the record indicates that Wheatt's speedy trial rights were not violated.
Accordingly, the application to reopen is denied.
PATRICIA A. BLACKNON, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.