BUCURENCIU v. RAMBA et.

Ohio Supreme Court.

No. 20518.   Decided Dec. 21, 1927.

Error to Mahoning Appeals.

Judgment affirmed.

**327.   COURTS—681.   Jurisdiction of.**

1.   Where question of, over person of defendant, is one of fact, not shown on face of record, defendant's objection by answer is at first opportunity, and saves an exception.

2.   Where it is acquired over person of defendant by service on him in a foreign county, and it appears so only by the petition, defendant's general denial challenges it, and thereunder, he may question both jurisdiction and merits of the cause.

3.   In such case, court may, and upon request should, charge jury that it should first determine the issue of jurisdiction, and if it finds in favor of defendant, so indicate in its verdict, and as to him consider no further.

ROBINSON, J.

1.   Where the question of the jurisdiction of the court over the person of the defendant is one of fact, not appearing upon the face of the record, objection made thereto by answer of the objecting defendant as his first act in the case is objection at the first opportunity and saves an exception to the jurisdiction.

2.   Where the jurisdiction of the court to acquire jurisdiction over the person of the defendant by service of summons in a foreign county appears only by the allegations of the petition, a general denial filed by such defendant challenges such jurisdiction and under such general denial such defendant may at the same time and throughout the trial question both the jurisdiction and the merits of the cause.

3.   In such case it is within the power of, and when requested it is the duty of, the court to charge the jury that, before entering upon a consideration of the merits of the case, it first determines the issue of the nonresident defendant, and if it determine such issue in favor of such defendant, it will so indicate in its verdict and as to him will consider the case no further.

(Marshall, CJ., Allen, Kinkade and Jones, JJ., concur.)

---

TARI v. STATE.

Ohio Supreme Court.

No. 20540.   Decided Dec. 21, 1927.

Error to Cuyahoga Appeals.

Judgment affirmed.

**1195.   TRIALS.**

1.   Interest of Judge in decision disqualifies him in a cause.

2.   Unless objected to, objection waived if known.

3.   Such interest renders the judgment merely voidable.

MARSHALL, CJ.

1.   Interest of a judge in the decision of a cause pending before him disqualifies him from hearing and determining the cause.

2.   Such disqualification is waived unless objection be made thereto at the earliest available opportunity, and if known to the complaining party at or before the trial and if no objection be made in the trial court, will be deemed to be waived.

3.   Interest of the trial judge does not render the judgment void but merely voidable.

(Day, Allen and Matthias JJ., concur.)

---

In re ELICKER EX. P.

Ohio Supreme Court.

No. 20671.   Decided Dec. 21, 1927.

Error to Cuyahoga Appeals.

Judgment affirmed.

**601.   HABEAS CORPUS—465.   Error—** Application for, cannot be made substitute for error proceeding.

MARSHALL, CJ.

An application for a writ of habeas corpus cannot be made a substitute for proceedings in error.

(Day, Allen and Matthias, JJ., concur.)

---

(Continued from Page 832)

State ex Hile v. Cleveland (City) et. OA. 5 Abs. 307; dock. 5 Abs. 490; dis. failure to fi. papers. 5 Abs. 823.

State ex Gaede v. Guion. Dock. 5 Abs. 656; No. 20754; OS. 5 Abs. 799; 117 OS. 163★.

State ex Davis v. Indust. Com. Dock. 5 Abs. 522; No. 20699; writ. all. 5 Abs. 823.

State v. Ruskin. Dock. 5 Abs. 269; No. 20452; mo. for lv. to file pet. in er. all. 5 Abs. 301; app. rev. C. P. aff. 5 Abs. 823; OS. 5 Abs. 826.

State ex Jones v. Zangerle. Dock. 5 Abs. 669; No. 20667; demur. to pet. ov. and writ. all. 5 Abs. 823.

State ex Stanton v. Zangerle. OA. 4 Abs. 172; dock. 4 Abs. 255; No. 19755; writ denied, 5 Abs. 823; OS. 5 Abs. 825.

Sullivan v. Cassidy. OA. 5 Abs. 582; dock. 5 Abs. 471; No. 20629; mo. cer. ov. 5 Abs. 701; mo. cer. all 5 Abs. 823.

Tari v. State. Dock. 5 Abs. 344; No. 20540; mo. cer. all. 5 Abs. 419; judg. aff. 5 Abs. 823; OS. 5 Abs. 830.

Tax Comm. v. Security Sav. Bk. & Tr. Co. OA. 5 Abs. 483; dock. 5 Abs. 153; No. 20356; mo. cer. all. 5 Abs. 199; judg. rev. and cause remanded 5 Abs. 823; OS. 5 Abs. 825.

Un. Tr. Co. v. Hawkins. (See reverse). Dock. 5 Abs. 506; mo. cer. all. 5 Abs. 823.

Un. Tr. Co. v. Hutchison. Dock. 5 Abs. 685; No. 20782; mo. cer. ov. 5 Abs. 823.

Wade v. Tarbill. CP. 5 Abs. 816.

Weaver v. State. Dock. 5 Abs. 823; No. 20861.

Willoughby Vil. Bd. Ed. v. Weldon & Kelley Co. Dock. 5 Abs. 669; No. 20773; mo. cer. ov. 5 Abs. 823.

Yockey et v. Bucher et. OA. 5 Abs. 726; dock. 5 Abs. 797; No. 20842; mo. cer. ov. 5 Abs. 823.

Zaft v. State. Dock. 5 Abs. 823; No. 20871.