{¶ 1} Plaintiff-appellant, the State of Ohio ("the State"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand to the lower court.
 I {¶ 2} According to the record, defendant-appellee, Walter E. Minch ("appellee"), was indicted by the Cuyahoga County Grand Jury on July 1, 1993 for one count of theft in office, R.C. 2921.41. Appellee pled guilty and was sentenced to a term of one and a half years on July 23, 1993. The execution of sentence was suspended, and appellee was placed on one and a half years of probation and was ordered to pay $650 in restitution and a $1,300 fine, complete 200 hours of court community work service, serve 30 days home detention, and pay court costs.
 {¶ 3} On February 26, 1998, appellee filed a motion for sealing of record. The State filed a brief in opposition to this motion on June 9, 1998. Although appellee had requested an oral hearing, the trial court, by journal entry only, denied said motion on June 24, 1998. Appellee filed a motion for reconsideration of his request for the sealing and expungement of record with oral hearing request on June 21, 2005. The State filed a brief in opposition on November 29, 2005. The trial court granted appellee's motion for reconsideration and allowed the sealing of record on or about January 19, 2006. The State now appeals the trial court's granting of appellee's motion for reconsideration of defendant's request for the sealing and expungement of record.
 II {¶ 4} The State's first assignment of error states the following: "A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. R.C. 2953.32(B); State v.Hamilton (1996), 75 Ohio St.3d 363; State v. Saltzer (1984),14 Ohio App.3d 394, followed."
 {¶ 5} The State's second assignment of error states the following: "A trial court errs in granting the sealing of record of conviction of a previously denied motion for the sealing of record as the appellee is not eligible because the doctrine of res judicata is applicable; the trial court is not allowed to circumvent res judicata by granting a motion for reconsideration of defendant's request for the sealing and expungement of record."
 III {¶ 6} Because of the substantial interrelation between appellant's two assignments of error, we shall address them together below. R.C.2953.32, Section B, sealing of record of conviction or bail forfeiture, provides the following:
 "(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant." (Emphasis added.)
 {¶ 7} In the case at bar, the State argues that the lower court improperly granted appellee's motion because it did not hold a hearing. Moreover, a review of the record demonstrates that in addition to the State's current request, appellee previously requested a hearing. According to the record, appellee requested a hearing with his first, pro se, request for motion of the sealing and expungement of record. However, the record confirms that even though appellee requested an oral hearing in accordance with R.C. 2953.32(B), the trial court failed to provide a hearing on that matter.[1] Specifically, the lower court denied appellee's initial motion without a hearing, by way of journal entry and without the benefit of counsel.
 {¶ 8} Appellee eventually filed a motion for reconsideration, again requesting an oral hearing. An oral hearing was scheduled and all parties were present, including the attorney for the State, Diane Smilanick. However, the trial court proceeded in chambers instead of holding a hearing in the courtroom. The trial court subsequently granted appellee's motion for reconsideration in favor of appellee's interest, having the record expunged and sealed. The court ruled that having the record expunged and sealed outweighed any interest that the State had in keeping the record valid.
 {¶ 9} In Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, the Ohio Supreme Court held:
 "1. The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court. * * *
 "Succinctly stated, the Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules. A motion for reconsideration is conspicuously absent within the Rules. Rather the Civil Rules do allow for relief from final judgments by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment).
 "Without a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity."
Id. at 380. (Emphasis added.)
 {¶ 10} The trial court's granting of such a motion in this case was improper in that it was based on an original order that is a void judgment. The trial court initially denied the motion for sealing a record of conviction or "expungement" on June 24, 1998, without a hearing. The trial court failed to follow the requirements of the expungement statute as outlined in R.C. 2953.32(B) when it failed to hold a hearing on the application.
 {¶ 11} In In re Davis (1999), 84 Ohio St.3d 520, the Ohio Supreme Court noted "where a statute contains the word `shall,' the provision will generally be construed as mandatory. Dorrian v. Scioto ConservancyDist. (1971), 27 Ohio St.2d 102, 56 Ohio Op.2d 58, 271 N.E.2d 834, paragraph one of the syllabus. `A mandatory statute may be defined as one where noncompliance * * * will render the proceedings to which it relates illegal and void.' SeeState ex rel. Jones v. Farrar (1946),146 Ohio St. 467, 471-472, 32 Ohio Op. 542, 544, 66 N.E.2d 531, 534."
 {¶ 12} In a case similar to this pending action, In re Byrd, Franklin App. No. 04AP-854, 2005-Ohio-3148, the Tenth District Court of Appeals (quoting from State v. Withrow, Franklin App. No. 03AP-999,2004-Ohio-3699) stated as follows:
 "R.C. 2953.32(B) mandates that the trial court set a hearing for an expungement application. The requirement of a hearing set forth in R.C. 2953.32(B) is mandatory and each application for expungement must be set forth for hearing. State v. Saltzer (1984), 14 Ohio App.3d 394, 14 Ohio B. 500, 471 N.E.2d 872. It is axiomatic that the use of the word `shall,' in a statute, denotes that compliance with the commands of the statute is mandatory, absent clear and unequivocal legislative intent to the contrary. State ex rel. Botkins v. Laws (1994), 69 Ohio St.3d 383, 385, 1994 Ohio 518, 632 N.E.2d 897. Non-compliance with a mandatory statute will render the proceedings to which it relates illegal and void. In re Davis (1999), 84 Ohio St.3d 520, 522, 1999 Ohio 419, 705 N.E.2d 1219, citing State ex rel. Jones v. Farrar (1946), 146 Ohio St. 467, 471-472, 66 N.E.2d 531. Numerous appellate districts, including this one, have had the opportunity to address this issue and have found that an oral hearing is mandatory prior to the issuance of a decision on the application for sealing of record. See Saltzer, supra; State v. Perkins, Cuyahoga App. No. 79823, 2001 Ohio 4169; State v. Mallardi (Apr. 26, 2000), Summit App. No. 19842, 2000 Ohio App. LEXIS 1791; State v. Hall (Mar. 20, 2000), Mahoning App. No. 99 CA 190, 2000 Ohio App. LEXIS 1227; State v. Berry (1999), 135 Ohio App.3d 250, 733 N.E.2d 651
(Second Appellate District); State v. Hagopian (Sept. 21, 1999), Franklin App. No. 98AP-1572, 1999 Ohio App. LEXIS 4345; State v. Bauer (Mar. 29, 1996), Montgomery App. No. 15316 (Second Appellate District); State v. Starkey (Mar. 1, 1991), Trumbull App. No. 90-T-4463, 1991 Ohio App. LEXIS 863; Middletown v. Egelston (Mar. 17, 1986), Butler App. No. CA85-08-097, 1986 Ohio App. LEXIS 6046; see, also State v. Haney (Nov. 23, 1999), Franklin App. No. 99AP-159, 1999 Ohio App. LEXIS 5524 (rationale that a court must hold a hearing is obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision)."
 {¶ 13} The effect of a void judgment is clear. As this court has previously recognized: "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity (Tari v. State,117 Ohio St. 481, 498, 5 Ohio Law Abs. 824, 5 Ohio Law Abs. 830, 159 N.E. 594; 31 Ohio Jurisprudence 2d 706, Judgments, Section 250) and the parties are in the same position as if there had been no judgment. Hill v.Hill, 299 Ky. 351, 185 S.W.2d 245, and 30A American Jurisprudence 198, Judgments, Section 45." State v. Abner, Cuyahoga App. No. 81023, 2002-Ohio-6504.
 {¶ 14} Accordingly, this case is to be remanded to the trial court with an order to follow the clear language of the statute. In light of the cases outlined above, the original motion was never fully litigated, as no hearing was provided. Further, declaring the matter to be controlled by the doctrine of res judicata gives credence and meaning to an otherwise improper ruling by a trial court that failed to follow the requirements of a statute.
 {¶ 15} Appellant's first assignment of error is sustained, and appellant's second assignment of error is moot.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., CONCURS;
COLLEEN CONWAY COONEY, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION
[1] See appellee's first motion and the State's first motion in opposition, showing certificate of service to appellee and docket entry, Ex. A, B, and C, respectively.