OPINION
{¶ 1} Defendant-appellant, Donald Brown ("appellant"), appeals from a Franklin County Court of Common Pleas decision denying his application for expungement of criminal charges that were dismissed. He presents a single assignment of error, alleging that the trial court abused its discretion:
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT-APPELLANT'S APPLICATION TO SEAL HIS OFFICIAL RECORD PURSUANT TO R.C. 2953.52. *Page 2 
 {¶ 2} As in most questions regarding expungement, the issue is whether appellant sufficiently demonstrated that his interest in having the record sealed outweighs the State's legitimate interest in maintaining public records. We hold that he has not, because he failed to present any evidence or testimony before the trial court. The Ohio Revised Code vests the trial courts with broad power to grant or deny applications for expungement, and we will not disturb those decisions absent evidence that the trial court abused its discretion. Because there is no evidence that the trial court abused its discretion, we affirm the decision of the Franklin County Court of Common Pleas.
 {¶ 3} Expungement is the removal of a conviction from a person's criminal record. See Black's Law Dictionary (8 Ed.2004); see, also,Rogers v. Slaughter (C.A.5, 1972), 469 F.2d 1084, 1085 (per curiam) (referring to expungement as the "judicial editing of history"). The process varies from state to state, but in Ohio, a defendant seeking expungement must follow the procedures set forth in R.C. 2953.52, the first of which involves filing an application with the trial court. See, generally, State v. Newton, Franklin App. No. 01AP-1443, 2002-Ohio-5008, at ¶ 3. The application is essentially a motion asking the court to order the official records sealed or destroyed.
 {¶ 4} When an applicant files for expungement, the court sets the matter for hearing, and serves notice on the prosecutor's office, which has an opportunity to oppose the motion. See id., at ¶ 7. Regardless of whether the application is opposed or unopposed, the statute places the burden on the applicant to demonstrate a need for sealing the record. Though R.C. 2953.52 does not set forth specific criteria for demonstrating such need, generally speaking, the most widely-recognized interest is privacy. See, e.g., City of Pepper Pike v. Doe (1981), 66 Ohio St.2d 374, 377 (citing Roe *Page 3 
 v. Wade [1973], 410 U.S. 113, 93 S.Ct. 705; Griswold v.Connecticut [1965], 381 U.S. 479, 85 S.Ct. 1678). The court uses a balancing test to determine whether the government's interest in maintaining the records at issue is outweighed by the applicant's privacy interest.
 {¶ 5} Appellant was indicted on several counts of rape, gross sexual imposition, and disseminating harmful material to juveniles, but after successfully completing a polygraph test, the State requested that the court dismiss all charges. Appellant initially lost his job as a result of the indictment, but was reinstated after assistance from counsel. (Appellant's Brief, at 7.) Indeed, the mere fact that he was charged with these despicable crimes could be construed as punishment, but defendants do not have a fundamental right to have their records wiped clean in light of a dismissal. See, e.g., Pepper Pike, at 376-377;United States v. Linn (C.A.Okl.10, 1975), 513 F.2d 925, 927. Although appellant now cites compelling reasons for granting his application, he presented no evidence or testimony in the proceedings before the trial court. Based on a lack of evidence in the record, there is nothing to support a finding that the trial court abused its discretion in denying the application.
 {¶ 6} We are bound by the parameters set forth by the General Assembly, and by the Supreme Court of Ohio, which held the following:
 * * * Typically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert.
Pepper Pike, at 377. Thus, the Supreme Court of Ohio has interpreted R.C. 2953.52 to include a presumption against granting expungements, and, given that appellant *Page 4 
presented no evidence to support his application, we cannot now say that the trial court abused its discretion. If this injustice is to be fixed, it must be done by the legislature, not by this court.
 {¶ 7} For these reasons, we overrule the sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and BOWMAN, JJ., concur. BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1