DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Charles Smith ("Smith"), appeals from the decision of the Cuyahoga Falls Municipal Court denying his application to expunge his conviction. This Court reverses.
 I. {¶ 2} On July 24, 2003, Smith pled not guilty to charges of domestic violence, resisting arrest and obstructing official business. On September 22, 2003, the charge of domestic violence was amended to disorderly conduct, a fourth degree misdemeanor, with the remaining charges merged and dismissed. Smith pled no contest to the charge and the trial court found him guilty. *Page 2 
 {¶ 3} In early 2006, Smith filed an application requesting that the court expunge and/or seal the records of his conviction. An investigation was conducted by the Community Control Department and it was determined that Smith had been untruthful on his application. The matter came before the court on May 2, 2006. Smith appeared pro se and the State did not attend. The trial court noted that Smith had been untruthful on his affidavit because he did not list that he had previously lived in New York. During an interview with Community Control, Smith admitted that he had forgotten to disclose this fact on his application. During the hearing, the trial court found Smith to be in contempt of court and sent him to jail. On May 4, 2006, Smith returned to court with counsel and admitted that, when he filed the application, he omitted the fact that he had lived in New York. There was some concern that he had a prior conviction, but that fact was not conclusively resolved. Finding he had lied on his sworn affidavit or that he had been previously convicted of a crime, the trial court denied his application. Smith appeals from this denial, raising four assignments of error for our review.[1] We have rearranged Smith's errors to facilitate our review. *Page 3 
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT FAILED TO CONDUCT A FULL, FAIR, AND IMPARTIAL HEARING IN ACCORDANCE WITH [R.C.] 2953.32(B)."
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT'S DENIAL OF [SMITH'S] MOTION FOR SEALING WAS ERRONEOUS AND AN ABUSE OF DISCRETION."
 {¶ 4} In his first and fourth assignments of error, Smith contends that the trial court failed to conduct a full hearing and that the court's denial of his motion for sealing was erroneous and an abuse of discretion. We agree.
 {¶ 5} We are mindful that an appellant's assignment of error provides a roadmap for the court and directs this Court's analysis of the trial court's judgment. See App.R. 16(A). Smith's assignment of error directs this Court to consider whether the trial court abused its discretion when it applied R.C. 2953.32. However, we note that Smith argues in his fourth assignment of error that "a review of the record shows that there is no substantial evidence to support the Court's findings and determinations regarding the denial of the application when no evidence was properly offered in contra to [his] position." We read this argument as a challenge to the sufficiency of the evidence. A challenge to the sufficiency of the evidence tests whether the evidence introduced at trial is legally sufficient or adequate as a matter of law to support a verdict. See State v. *Page 4 Thompkins (1997), 78 Ohio St.3d 380, 386 (Cook, J., concurring);Bryan-Wollman v. Domonko, 115 Ohio St.3d 291, 2007-Ohio-4918, at ¶ 3. We will read this assignment of error in conjunction with Smith's first assignment of error and will review 1) whether the trial court erred in not holding a hearing and 2) whether the determination to deny the application was supported by sufficient evidence.
 {¶ 6} R.C. 2953.32(A)(1) provides, in part, that "a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record."
 {¶ 7} R.C. 2953.32(B) provides that
 "[u]pon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant."
 {¶ 8} We have construed this section to mean that "[t]he court may not dispose of the application without holding a hearing because the language of the statute is mandatory, not permissive." State v.Mallardi (Apr. 26, 2000), 9th Dist. No. 19842, at *1, citing State v.Cuttiford (Feb. 11, 1998), 9th Dist. No. 97CA006724, at *3. Therefore, under R.C. 2953.32(B), the trial court was required to hold a hearing and taking into account any objections from the State *Page 5 
and the report from the probation department, determine, among other things, whether Smith was a first offender. We note that the State did not file objections and the assistant prosecutor was not present on the scheduled hearing date. It is only after a hearing that the court could make a determination that Smith was not a first offender.
 {¶ 9} A first offender is defined in R.C. 2953.31(A) as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Smith bears the burden to establish that he was a first offender under the meaning of the statute. State v. Vaught (Sept. 18, 1998), 9th Dist. No. 96CA006324, at *2.
 {¶ 10} Under the specific facts of this case, we find that Smith was not afforded a hearing. The underlying rationale of the mandated hearing in R.C. 2953.32 is "obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision in order to make several determinations pursuant to R.C. 2953.52(B)(2)(a) through (d)." State v. Haney (Nov. 23, 1999), 10th Dist. No. 99AP-159, at *4. Therefore, we find that implicit in the requirement to hold a hearing is the requirement to afford Smith the opportunity to be heard. Our decision in this case is limited to the specific facts before us. We do not wish to set forth requirements regarding the exact extent of the hearing on an expungement application. Rather, we find *Page 6 
only that a hearing must be had and at that hearing the trial court must allow the applicant the opportunity to satisfy his burden to establish that he was a first offender. At his scheduled "hearing," the trial court did not allow Smith an opportunity to explain or deny any allegations that he was not a first offender. In fact, at the beginning of the transcript, the trial court stated that Smith lied on his application and because of that the court would not hear from him. Specifically, the trial court commanded Smith to
 "[c]ome on forward, because if you irritate me this much more, I'm going to have you charged criminally. Do you understand that? So, it might be a good time just to shut up and listen."
 {¶ 11} The ensuing conversation centered on the fact that the trial court believed Smith had lied on his application by omitting that he had lived in New York. There was no discussion about whether Smith was a first offender, no objections or appearance from the prosecutor and no discussion regarding the probation report. In fact, after Smith stated to the court, "I did not lie on my application[,]" the trial court found him in contempt and had him jailed. As such, we cannot find that Smith was afforded a hearing as mandated by R.C. 2953.32. Accordingly, we remand on this basis so that the trial court can hold a hearing in compliance with the statutory provisions of R.C. 2953.32(B). Dayton v.P.D., 2d Dist. No. 19280, 2002-Ohio-5589, at ¶ 8. However, even if we were to find that the trial court held the required hearing, we would find that its decision to deny Smith's application was not based on legally sufficient evidence. *Page 7 
 {¶ 12} We recognize that "there is no requirement that the court set forth its reasoning when granting or denying an expungement." State v.Krutowsky, 8th Dist. No. 81545, 2003-Ohio-1731, at ¶ 14.
 "While R.C. 2953.32 provides that the court shall make determinations under R.C. 2953.32(C)(1)(a)-(e), the legislature could have easily specified that the phrase `shall determine' shall mean that the court shall set forth its reasoning on the record and/or in writing. However, the legislature specifically worded this particular statute differently from other statutes intended to dictate that result." Id.
 {¶ 13} We note that, while not required to in the instant case, the trial court stated in its journal entry that it was denying the application because the community control department determined that Smith had been previously convicted of a crime or was untruthful in his statements on his application. By stating that Smith had been previously convicted of a crime, the trial court implicitly determined that he was not a first offender.
 {¶ 14} Our review of the record reveals that the trial court's determination that Smith was previously convicted of a crime was not supported by legally sufficient evidence. We do not condone Smith's apparent omission in his application to expunge. Clearly, the trial court's frustration is understandable. However, the omission alone was not a factor under R.C. 2953.32 that would necessitate a denial of the application.
 {¶ 15} On the record, the trial judge stated: *Page 8 
 "Let's leave it at this, that he admits when he files the application he leaves out that he has ever lived in the State of New York. When we find out that he has, and at his interview, he says, oh, yeah, I did. It turns out that he's lived in four or five cities of New York that he leaves off. There is a conviction of a sexual nature in New York City that matches him, and he says I don't know anything about that, and the probation officer said in my contact with New York City, I cannot confirm it's him because they did not retain a Social Security number even though the other information matches. So, my probation officer said I don't want to treat that as a disqualifier until further research has been done. I told the investigator we're not going one step further when a guy files his application and leaves out that he ever lived in the state." (Emphasis added.)
 {¶ 16} As the community control department did not complete its investigation into whether Smith committed a crime in New York City, the trial court could not make the mandated finding as to whether he was a first offender. R.C. 2953.32(C)(1)(a). Accordingly, we find that the trial court's determination that Smith was not a first offender was not based on legally sufficient evidence.
 {¶ 17} Smith's first and fourth assignments of error are sustained, and the cause is remanded for proceedings consistent with this opinion.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT FAILED TO ISSUE FINDINGS IN ACCORDANCE WITH [R.C] 2953.32(C)."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT VIOLATED THE SEPARATION OF POWERS AS SET FORTH IN ARTICLE IV, SECTION 18 OF THE OHIO CONSTITUTION." *Page 9 
 {¶ 18} Our disposition of Smith's first and fourth assignments of error renders his second and third assignments of error moot. Consequently, we need not address them.
 III. {¶ 19} Smith's first and fourth assignments of error are sustained. His second and third assignments of error are moot. The judgment of the Cuyahoga Falls Municipal Court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 10 
Costs taxed to Appellee.
CARLA MOORE FOR THE COURT
WHITMORE, J. CONCURS
[1] The State did not file a brief with this Court. As such, we may accept Smith's facts and issues of the case as correct and reverse the judgment if Smith's brief reasonably appears to sustain such action. See App.R. 18(C).