OPINION
{¶ 1} Appellant, Timothy Allen Page ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, which denied his request for an order sealing the records of criminal proceedings against him. Because we conclude that the trial court did not abuse its discretion by denying appellant's request, we affirm the trial court's judgment.
 {¶ 2} The Franklin County Grand Jury indicted appellant on charges of rape, sexual battery, and gross sexual imposition for alleged actions relating to his two *Page 2 
daughters. A jury acquitted appellant of the sexual battery charge, and the rape charge was dismissed. Although plaintiff-appellee, State of Ohio ("appellee"), intended to try the gross sexual imposition charge separately to a jury, appellee did not prosecute the charge because the alleged victim recanted the allegation.
 {¶ 3} Thereafter, appellant filed an application to seal the record of his case. Appellee opposed the motion. Appellee argued that the government had an interest in maintaining public access, including full law enforcement access, to the record, and that appellant had not met his burden of establishing that expungement was warranted.
 {¶ 4} The court held a hearing on the application. Thereafter, the court denied appellant's request.
 {¶ 5} Appellant appealed, and he raises the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S APPLICATION TO SEAL THE RECORDS OF THE ACQUITTD AND DISMISSED CHARGES IN CASE NO. 07-CR-270.
 {¶ 6} R.C. 2953.52 allows any person found not guilty by a jury to apply to the court for an order to seal the official records in the case. R.C. 2953.52(A)(1). The court must take certain actions, including "[w]eighing the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.52(B)(2)(d). If the court finds that (1) the application was timely, (2) no criminal proceedings are pending against the applicant, and (3) the applicant's interests outweigh those of government, the court shall issue an order directing that the records pertaining to the case be sealed and that, with certain exceptions, "the proceedings in the case be deemed not to have occurred." *Page 3 
R.C. 2953.52(B)(3). On appeal, we will not disturb a trial court's decision regarding expungement absent evidence that the trial court abused its discretion. State v. Brown, 10th Dist. No. 07AP-255,2007-Ohio-5016, ¶ 2.
 {¶ 7} In his assignment of error, appellant argues that the trial court abused its discretion by denying his request to seal his criminal record. We disagree.
 {¶ 8} At the hearing before the trial court, appellant's counsel said that appellant has "privacy concerns, but he's also had some direct problems from this just being on his record. He had a job review recently where they do a record check periodically, and it was brought up by his employer." (Tr. 5.) Appellant's counsel also noted that appellant had recently applied to rent a house, and it showed up on the landlord's background check. "And for those reasons it would cause problems to him." (Tr. 5.)
 {¶ 9} The court inquired whether appellant had had an opportunity to explain the circumstances. Appellant's counsel said that he had, and appellant was able to rent the house. Counsel stated: "It's future applications, if he were to get laid off, future job applications, applications for promotion within his company to some management position where this will show on a background check and be problematic to him." (Tr. 6.) Counsel also stressed that the evidence showed appellant's innocence, "just nothing happened here, that he really was at work." (Tr. 6.)
 {¶ 10} When the court asked whether anything negative had happened to appellant, counsel replied: "Well, up to this point embarrassment is all. He has not been turned down housing. He has not been turned down a promotion, and he hasn't applied for a change of jobs." (Tr. 6.) *Page 4 
 {¶ 11} Appellant also testified under oath. He stated that the existence of the charges had arisen in the context of his application for housing and in a job review. He said the charges were a factor in his employer's decision not to promote him. Upon questioning from the court, appellant stated that the employer's decision about the promotion was delayed for six months. He also said that his "performance also was lowered at the time because I was more concerned about what was going on here as opposed to my job." (Tr. 11.) He confirmed that he had not been fired or demoted.
 {¶ 12} In response, appellee argued, as it had in its opposition to appellant's application, that the government had an interest in having all of the information contained within the case file available in the future, particularly if there were any "court contact" with appellant in the future. (Tr. 13.)
 {¶ 13} Following these arguments and testimony, the court stated:
 I don't believe that the applicant has demonstrated a particular need for the expungement or at least one that would outweigh the interests of the State, and there doesn't seem to be any evidence that he suffered any adverse action as a result of this, and so at this time the Court is going to deny the application.
(Tr. 13.)
 {¶ 14} Our review of the record indicates that the court complied with all statutory requirements by holding a hearing, asking questions of appellant and his counsel, considering the evidence and arguments, and weighing appellant's interests against those of the government. Appellant argues that the court imposed an additional burden upon him to show actual harm in order to support expungement. In support of reversal on this basis, appellant offers In re Dumas, 10th Dist. No. 06AP-1162,2007-Ohio-3621, ¶ 4, *Page 5 
in which this court reversed the trial court's categorical refusal to expunge "`any F-1 or F-2 case that is tried that results in an acquittal.'" Here, in contrast, the trial court considered the appropriate interests. The fact that appellant had not yet suffered actual harm was simply a factor the court weighed against the government's interests in maintaining public access, including full law enforcement access, to these records. Based on the record before us, we cannot conclude that the trial court abused its discretion by doing so.
 {¶ 15} For these reasons, we overrule appellant's sole assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLATT and CONNOR, JJ., concur. *Page 1