[Cite as *State v. Moulder*, 2013-Ohio-1036.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98661**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEVIN MOULDER

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-518387

**BEFORE:** Celebrezze, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    Adrienne Cavender
          Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Appellant, Kevin Moulder, seeks review of the denial of his motion to expunge his 2009 attempted assault conviction. Appellant argues that the trial court failed to liberally apply the expungement statute in his favor and that the court erred in failing to hold a hearing on his motion. Finding merit to his second assignment of error, we reverse and remand for a hearing.

## I. Factual and Procedural History

**{¶2}** Appellant was indicted by a grand jury on December 2, 2008, on charges of assault in violation of R.C. 2903.13, and kidnapping in violation of R.C. 2905.01(A)(4). On April 13, 2009, appellant pled guilty to second-degree-misdemeanor attempted assault in violation of R.C. 2903.13(B). He was sentenced to a suspended 90-day jail term, a $750 fine, and six months of probation.

**{¶3}** On October 18, 2010, after completing his probation without incident, he applied to have the records of his conviction sealed pursuant to R.C. 2953.32(A). The state filed a brief in opposition to his application, and the trial court denied it without holding a hearing.

**{¶4}** On October 7, 2011, appellant filed another application. Again, the state filed a brief opposing expungement. The trial court denied this application on June 8, 2012, without holding a hearing. Appellant then filed an appeal from that denial raising two assignments of error:

I. The trial court abused its discretion when it denied [appellant's] application for expungement.

II. The trial court erred and denied [appellant] due process of law when it failed to set a hearing pursuant to R.C. 2953.52(B)

## II. Law and Analysis

{¶5} Because appellant's second assignment of error is determinative, it will be addressed first. Appellant claims that the trial court erred when it did not hold a hearing before denying his application to seal the records of his conviction. The expungement statutes, R.C. 2953.31 et seq.,[1] are to be liberally construed in favor of the applicant to promote the legislative purpose of allowing expungements. *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699 (8th Dist.). The trial court must weigh the interests of the applicant in having the records sealed against the interests the state possesses in maintaining those records open to the public. *Cleveland v. Cooper-Hill*, 8th Dist. No. 84164, 2004-Ohio-6920. Alleged errors that a trial court makes in regard to expungement are reviewed for an abuse of discretion. *Id.* An abuse of discretion implies that a trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶6} According to recent developments in case law in this jurisdiction, where the state raises a determinative question of law[2] in its brief in opposition to expungement that

---

[1] Former R.C. 2953.31 and 2953.32 apply to this case. The legislature amended these statutes effective September 28, 2012.

[2] Such issues would include whether the offense was one prohibited by statute from being expunged or whether the applicant was a first offender where

can be decided without a hearing, a trial court could, in its discretion, deny the motion without a hearing. *State v. J.K.*, 8th Dist. No. 96574, 2011-Ohio-5675, ¶ 16. *But see State v. Hann*, 173 Ohio App.3d 716, 2007-Ohio-6201, 880 N.E.2d 148, ¶ 9 (8th Dist.) (holding a hearing is mandatory).

**{¶7}** However, when, as here, the state raises only issues regarding its interest in maintaining records of conviction based on the nature of the offense, a trial court abuses its discretion when it fails to hold a hearing on an application made pursuant to R.C. 2953.31. *State v. Houston*, 8th Dist. No. 80015, 2002-Ohio-329; *State v. Salim*, 8th Dist. No. 82204, 2003-Ohio-2024. This is because former R.C. 2953.32(B) requires a hearing on such a motion, stating, "[u]pon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." This language indicates a hearing is mandatory. The state concedes this error.[3]

**{¶8}** Therefore, the denial of appellant's application for expungement without holding a hearing constitutes an abuse of the trial court's discretion. Appellant's second assignment of error is sustained. This holding renders appellant's first assignment of error moot.

### III. Conclusion

---

the state had submitted proof of convictions precluding expungement.

[3] Additionally, appellant's successive application does not mean expungement is barred by res judicata because no hearing was held on the first application either. *State v. Minch*, 8th Dist. No. 87820, 2007-Ohio-158.

{¶9} The denial of appellant's application for expungement without a necessary hearing constitutes an abuse of the trial court's discretion.  A hearing is mandatory.

{¶10} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR