[Cite as *State v. Yu*, 2024-Ohio-3083.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-240081 |
| | | C-240082 |
| Plaintiff-Appellee, | : | TRIAL NOS. 18CRB-6123 |
| | | 18CRB-29828A |
| vs. | : | 18CRB-29828B |
| LANXIANG YU, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 14, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsely*, Chief Prosecuting Attorney, and *Christoper Powers,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1}    Defendant-appellant Lanxiang Yu[1] appeals the judgments of the Hamilton County Municipal Court denying her applications to seal the records of one dismissed misdemeanor charge, one misdemeanor charge of which she was acquitted, and one misdemeanor conviction, and to expunge her conviction.  Yu alleges that the trial court abused its discretion by denying record sealing in the case of the dismissal without any explanation at all and in the cases of the acquittal and conviction solely because Yu was arrested for a similar charge in another jurisdiction.  Yu is correct, in that the record does not reflect that the trial court conducted the analysis required by R.C. 2953.33(B)(2) before denying Yu's applications to seal the dismissed charge and the charge of which she was acquitted.  Nor does the record indicate that the trial court considered the required factors set forth in R.C. 2953.32(D)(1) before rejecting Yu's application to seal and expunge her conviction.  Accordingly, we reverse the trial court's judgments and remand the matter for the trial court to conduct the required analysis set forth in R.C. 2953.32(D)(1) and 2953.33(B)(2).

### *Factual and Procedural Background*

{¶2}    In March 2018, in the case numbered 18CRB-6123, Yu was charged with violating Cincinnati Mun.Code 897-5(B).  This ordinance requires licensure of massage practitioners and establishments, and violations are misdemeanors of the first degree.  On June 28, 2018, the charge against Yu was dismissed.

{¶3}    In November 2018, in the cases numbered 18CRB-29828A and 18CRB-29828B, Yu was charged with two counts of prostitution in violation of R.C. 2907.25,

---

[1] We use Yu's name rather than her initials in this opinion because neither party sought to identify Yu using a pseudonym under Sup.R. 45(E) or Loc.R. 13.2.  This appeal therefore creates a separate record of the criminal charges Yu seeks to seal.  Should Yu later obtain relief from the trial court under R.C. 2953.32 and/or 2953.33, she may submit a postjudgment motion to seal this proceeding under Loc.R. 13.2.

misdemeanors of the third degree. Following a jury trial, Yu was convicted of one count and acquitted of the other.

{¶4} On November 20, 2023, Yu filed applications for record sealing in all three cases and to expunge her conviction. The trial court scheduled a hearing for January 16, 2024, although, for reasons that are not clear in the record, the hearing never occurred. The state did not file written objections to Yu's applications. The probation department, however, submitted a report indicating that Yu had no pending charges against her at the time of her application. The report further indicated that Yu had been arrested on November 15, 2022, in Missouri and accused of prostitution. It provided no information about the status of the charge or its outcome other than to note that Yu had no pending charges at the time.

{¶5} On January 16, 2024, the trial court denied both applications. The trial court's entry for the licensure case merely stated the application was denied and contained no explanation for the trial court's decision. The entries for the prostitution cases similarly indicated that the applications were denied, with a handwritten notation: "same charge other jurisdiction."

{¶6} Yu now appeals.

### *Abuse of Discretion*

{¶7} In her sole assignment of error, Yu argues that the trial court abused its discretion in denying her applications for sealing the records of the two non-convictions and expunging the records of the conviction. Yu argues that each denial was unreasonable, arbitrary, and unconscionable.

{¶8} This court reviews a trial court's decision to deny an application for criminal record sealing for an abuse of discretion. *State v. Ofori*, 2023-Ohio-1460, ¶

3

14 (1st Dist.). An abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." (Citations omitted.) *State v. J.B.*, 2024-Ohio-1879, ¶ 13 (1st Dist.).

**{¶9}** "The denial of an appellant's application for expungement without a necessary hearing constitutes an abuse of the trial court's discretion." *State v. Moulder*, 2013-Ohio-1036, ¶ 9 (8th Dist.). Even where the trial court's entries indicate that it reviewed an applicant's record, the failure to hold a hearing nevertheless requires remand. *See State v. Hutchen*, 2010-Ohio-6103, ¶ 9 (2d Dist.); *Dayton v. P.D.*, 2002-Ohio-5589, ¶ 8 (2d Dist.) (case remanded where trial court "denied [] application * * * without a hearing and without providing notice that it intended to act on the application without a hearing").

### *1. 18CRB-6123*

**{¶10}** Yu first argues that the trial court abused its discretion in denying her application to seal the record of her dismissed misdemeanor charge in the trial court case numbered 18CRB-6123.

**{¶11}** R.C. 2953.33 governs the sealing of nonconvictions. Pursuant to R.C. 2953.33(B)(2), the trial court shall do the following at a hearing before granting or denying an applicant's application:

> (a) (i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) If the person was granted a pardon upon conditions precedent or subsequent for the offense for which the person was convicted, determine whether all of those conditions have been met;

(e) Weigh the interests of the person in having the official records pertaining to the case sealed or expunged, as applicable, against the legitimate needs, if any, of the government to maintain those records.

{¶12} In this case, the record is devoid of any of indication that the trial court considered the required factors enumerated in R.C. 2953.33(B)(2). To the contrary, the record is entirely silent as to why the trial court denied Yu's application.

{¶13} To validly exercise its discretion in granting or denying an application to seal a record of nonconviction, the trial court must demonstrate that it complied with the required statutory analysis. *See, e.g., State v. Sherfey*, 2019-Ohio-1225, ¶ 15 (5th Dist.) (cataloging cases requiring a record of the trial court's analysis in record-sealing cases). While no specific findings are required, the record must contain some analysis supporting the trial court's ultimate decision. *State v. W.C.*, 2022-Ohio-3235,

¶ 17 (8th Dist.). Where the trial court offers no reasons for its denial, we cannot blindly defer to its unexplained exercise of discretion. *See State v. M.D.*, 2009-Ohio-5694, ¶ 19, 21 (8th Dist.); *see also State v. Woolley*, 1995 WL 143808, *1 (8th Dist. Mar. 30, 1995) (judgment reversed and cause remanded where the trial court's entry denying sealing an application "[did] not indicate whether the factors set forth in R.C. 2953.32(C) were considered.").

**{¶14}** The trial court offered no explanation for its denial of Yu's application to seal the dismissal of the licensing charge, either in its entry or at a hearing.[2] Thus, on this record, we cannot discern on what basis the trial court issued its denial or whether the trial court considered any of the factors required by R.C. 2953.33(B)(2).

**{¶15}** Denying an application for record sealing under R.C. 2953.33 without conducting the required statutory analysis constitutes an abuse of discretion. *See W.C.*, 2022-Ohio-3235, at ¶ 19-20 (8th Dist.). Yu's assignment of error regarding the licensing charge is accordingly sustained insofar as the trial court failed to conduct the required analysis under R.C. 2953.33(B)(2).

### 2. 18CRB-29828A

**{¶16}** Yu next argues that the trial court abused its discretion in denying her application to seal the record of the prostitution acquittal in the case numbered 18CRB-29828A on the basis that she was charged with the same offense in another jurisdiction. As previously explained, the trial court was required to complete the analysis set forth in R.C. 2953.33(B)(2) before issuing a decision on Yu's application.

---

[2] We note that the trial court did not conduct a hearing, although one is required by R.C. 2953.33(B)(1). Yu did not assign as error the trial court's failure to hold a hearing, and we therefore do not address whether this omission separately rendered the trial court's denial of Yu's record-sealing application invalid.

**{¶17}** Regarding this charge, the record contains an additional modicum of information regarding the basis for the trial court's denial. More specifically, the trial court noted in its written entry that Yu faced the "same charge" in another jurisdiction. But the mere inclusion of this phrase does not indicate that the trial court conducted the proper statutory analysis for record sealing. The record does not indicate that this finding was connected to any of the criteria listed in R.C. 2953.33(B)(2), nor does it indicate that the trial court explicitly considered those criteria. Without further explanation, we cannot merely assume that the trial court validly exercised its discretion in weighing the factors contained in the record-sealing statute. *See M.D.*, 2009-Ohio-5694, at ¶ 19, 21 (8th Dist.).

**{¶18}** Therefore, Yu's assignment of error regarding the prostitution charge of which she was acquitted is sustained. The trial court abused its discretion in denying her application to seal the record without conducting the analysis required by R.C. 2953.33(B)(2).

*3. 18CRB-29828B*

**{¶19}** Yu's final argument is that the trial court abused in discretion in denying her application to seal and expunge her prostitution conviction.

**{¶20}** Applications to seal and expunge a record of conviction are governed by R.C. 2953.32. Pursuant to R.C. 2953.32(D)(1), the trial court shall perform the following functions at a hearing before granting or denying an applicant's application:[3]

(a) Determine whether the applicant is pursuing sealing or expunging a

conviction of an offense that is prohibited;

---

[3] Yu did not assign as error the lack of a hearing under R.C. 2953.32(D)(1).

(b) Determine whether criminal proceedings are pending against the applicant;

(c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable[.]

**{¶21}** Similar to its entry denying Yu's application to seal her prostitution acquittal, the trial court denied Yu's expungement and sealing application for her prostitution conviction on the basis that she had the "same charge [in] [an]other jurisdiction." It is possible that the trial court interpreted the information in the probation report that Yu had been arrested for prostitution in Missouri to bar her from eligibility for expungement under R.C. 2953.32(D)(1)(b). In the absence of an entry detailing the trial court's analysis or a hearing transcript explaining the trial court's findings, however, this is mere speculation as to the trial court's conclusions. Yet, to

the extent the trial court made a determination that Yu was ineligible for expungement based on the probation report, we find this to be an abuse of discretion. The probation report clearly indicated that Yu had no pending charges against her at the time of the application, and Yu was therefore eligible for the relief she requested.

{¶22} Looking at the remainder of the R.C. 2953.32(D) expungement factors, the record is devoid of any explanation from the trial court as to how its "same charge" finding bore upon any of the statutory criteria or why it supported denying Yu's application. As with the denial of Yu's other applications, this lack of analysis constitutes an abuse of discretion. Yu's assignment of error regarding her record of conviction is accordingly sustained to the extent that the trial court failed to demonstrate that it considered the statutory factors set forth in R.C. 2953.32(D).

### *Conclusion*

{¶23} Because the record does not demonstrate that the trial court conducted the analysis required by R.C. 2953.32(D) and 2953.33(B) before denying Yu's applications to seal her records, we sustain Yu's sole assignment of error. The judgments of the trial court are reversed, and this cause is remanded for the trial court to conduct the required analysis set forth in R.C. 2953.32(D) and 2953.33(B).

Judgments reversed and cause remanded.

**BERGERON, P.J.,** concurs.
**WINKLER, J.**, dissents.

**WINKLER, J.,** dissenting.

{¶1} Where the record contains no evidence regarding Yu's interests in seeking to seal and expunge her Hamilton County records, or whether she has been rehabilitated with respect to her prior conviction, I cannot conclude that the trial court

9

abused its discretion in denying Yu's applications to seal and expunge on the state of the record before us; therefore, I dissent.

{¶2} On November 20, 2023, Yu simultaneously filed two applications to seal and expunge criminal records in the Hamilton County Municipal Court. In the case numbered 18CRB-6123, Yu filed an application to seal a March 2018 criminal charge against her, which had been dismissed prior to trial, pertaining to operating a massage establishment without a proper license. In the case numbered 18CRB-29828, Yu filed an application to seal a November 2018 charge for prostitution, for which she had been acquitted, and an application to seal and expunge a November 2018 prostitution conviction. Yu's applications listed her residential address in Chicago, Illinois, and also listed that she was self-employed. The applications did not contain any information regarding Yu's interests in seeking to seal and expunge her Hamilton County records, or whether she had been rehabilitated, except that the preprinted application forms contained a certification that Yu had no pending criminal charges against her.

{¶3} The trial court set Yu's applications for a hearing on January 16, 2024. For reasons not apparent from this record, an on-the-record hearing did not occur in either municipal court case. The only evidence in the record, other than Yu's applications, is a report from the Hamilton County probation department, which indicates that Yu had been charged in November 2022 in St. Louis, Missouri, with prostitution and sexual abuse. The report does not indicate how Yu's St. Louis charges had been resolved, or if they had been resolved.

{¶4} On the scheduled hearing date of January 16, 2024, the trial court denied Yu's application to seal her license charge in the case numbered 18CRB-6123.

On the same date, the trial court denied Yu's applications to seal and expunge in the prostitution case numbered 18CRB-29828, citing Yu's St. Louis prostitution and sexual-abuse charges. In these consolidated appeals, Yu appeals the denial of her applications to seal and expunge.

{¶5} An applicant moving to seal criminal records bears the burden on the application, even if the application is unopposed. *State v. Brown*, 2007-Ohio-5016, ¶ 4 (10th Dist.). Because Yu did not present any evidence with her applications or submit any evidence prior to, or contemporaneous with, the hearing date on her applications, Yu has not met the requirements under R.C. 2953.32(D)(2) and 2953.33(B)(4) to demonstrate an interest in having her criminal records sealed, and to demonstrate that she has been rehabilitated with respect to her prostitution conviction. *See State v. Wilson*, 2014-Ohio-1807, ¶ 17 (10th Dist.) ("As defendant did not appear at the hearing, or otherwise present any evidence to demonstrate his interest in having the record of the no bill sealed, there is no evidence in the record to establish defendant's interest."); *State v. Draper*, 2015-Ohio-1781, ¶ 12 (10th Dist.) (applicant failed to meet the burden of proof by merely submitting an application stating that she qualified for a sealing of records); *State v. A.V.*, 2019-Ohio-1037, ¶ 9 (9th Dist.) (a trial court did not abuse its discretion in denying an application to seal where the applicant fails to present evidence or testimony).

{¶6} Because Yu submitted no evidence or testimony in support of her applications to seal and expunge, nor did she move the trial court to continue the matter, the trial court did not abuse its discretion in denying Yu's applications on the state of this record. Therefore, I respectfully dissent.

11

Please note:

The court has recorded its own entry on the date of the release of this opinion.