[Cite as *State v. Roberts*, 2025-Ohio-5725.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO.   C-250107
                                           TRIAL NOS.   21/CRB/10374/A
    Plaintiff-Appellee,       :                     21/CRB/10374/B
                                                        21/CRB/10374/C
  vs.                          :

TYANA ROBERTS,                    :

    Defendant-Appellant.      :

                                  :        *JUDGMENT ENTRY*

       This cause was heard upon the appeal, the record, and the briefs.

       For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

       Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

       The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 12/23/2025 per order of the court.**


**By:**_____
      **Administrative Judge**

[Cite as *State v. Roberts*, 2025-Ohio-5725.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250107 |
| | | TRIAL NOS. 21/CRB/10374/A |
| Plaintiff-Appellee, | : | 21/CRB/10374/B |
| | | 21/CRB/10374/C |
| vs. | : | |
| TYANA ROBERTS, | : | |
| Defendant-Appellant. | : | |
| | | *O P I N I O N* |
| | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: December 23, 2025


*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Sean Witt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**NESTOR, Judge.**

{¶1} Tyana Roberts pled guilty to a telecommunications harassment charge in 2021. In 2024, Roberts sought to seal and expunge her record under R.C. 2953.32 and 2953.33. At her expungement hearing, the judge denied the motion. Though Roberts did speak at her hearing, it was not until after the judge had made her ruling. She now appeals arguing the trial court did not give her the opportunity to speak and therefore denied her a full and fair hearing. For the reasons set forth below, we affirm the trial court's judgments.

## I. Factual and Procedural History

{¶2} In December 2021, Roberts pled guilty to telecommunications harassment under R.C. 2917.21. In exchange for her plea, the State dismissed two aggravated menacing charges. The victim of the telecommunications harassment charge was Roberts's landlord, who is friends with Roberts's ex-partner.

{¶3} For her telecommunications charge, the court sentenced Roberts to 180 days in jail, and suspended 179, with credit for one day served. She was placed on 11 months of community control, which she successfully completed. The court ordered her to stay away from the victim. Her community control ended on November 16, 2021.

{¶4} In December of 2024, Roberts filed applications to seal and expunge both her conviction and the dismissed charges. In February of 2025, Roberts appeared before the court. The victim, having been notified, sent a letter to the court and appeared to challenge the expungement.

{¶5} The victim expressed to the court that she does not believe Roberts should have received a plea deal and that she regrets agreeing to the reduction. She does not believe that Roberts has been held accountable, and she made various

accusations against Roberts. The victim ended her letter by stating she wants a new protection order and that she believes Roberts's behavior will repeat.

{¶6} The judge and the victim discussed the letter on the record. During the exchange, Roberts spoke once to clarify that there was not a familial relationship with the victim. After this, the judge made her ruling and stated what facts she had considered and her reasons for denying the motion. The judge stated, "[s]ealing or expungement is when someone has shown they have been rehabilitated." The judge considered everything the victim wrote and said, and the judge stated, "[I]n my discretion, I am not granting it."

{¶7} Once the judge made her ruling, Roberts asked if she could speak, which the judge allowed. Roberts then said she hadn't spoken to the victim since 2021 when the incident occurred, that the victim was a slumlord, that the victim continuously interferes in Roberts's personal life, and that Roberts just wants to be free from her. Roberts and the judge then discussed the victim and the impact she was having on Roberts's life. The hearing ended with the judge stating that she was moving on to the next case, and Roberts saying, "I don't understand why she keeps interfering with my life." Roberts now appeals, asserting one assignment of error.

## II. Analysis

{¶8} In her sole assignment of error, Roberts argues that the trial court was wrong when it decided the case before allowing her to speak. She argues that she did not have a full and fair hearing because she was not heard on the matter until after the judge ruled on the motion.

{¶9} We review the "trial court's decision to deny an application for criminal record sealing for an abuse of discretion." *State v. Lanxiang Yu*, 2024-Ohio-3083, ¶ 8 (1st Dist.), citing *State v. Ofori*, 2023-Ohio-1460, ¶ 14 (1st Dist.). An abuse of

discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." (Citations omitted.) *Lanxiang Yu* at ¶ 8.

**{¶10}** Roberts argues the appropriate standard is de novo because when "a trial court's decision is based on 'an erroneous interpretation or application of the law,'" it is reviewed de novo. *In re Esson*, 2011-Ohio-5770, ¶ 12 (10th Dist.), quoting *State v. Hillman*, 2010-Ohio-256, ¶ 11 (10th Dist.). However, the "denial of an appellant's application for expungement without holding a hearing constitutes an abuse of the trial court's discretion." *State v. Moulder*, 2013-Ohio-1036, ¶ 9 (8th Dist.); *see In re Esson*. Because Roberts argues "a necessary hearing" did not occur, we review for an abuse of discretion. *Id.* An abuse of discretion occurs when conduct "is unreasonable, arbitrary, or unconscionable." *State v. Hill*, 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 2018-Ohio-16, ¶ 12.

**{¶11}** In *In re Esson*, the Tenth District reversed the trial court's denial of an expungement because the defendant never spoke during the hearing. *In re Esson* at ¶ 14. There, the court spoke with the prosecutor, but there was "no indication from the hearing transcript that the court gave appellant the opportunity to speak or offer evidence before it made its decision." *Id.* This warranted a reversal because "the court effectively precluded appellant from being heard before it made its decision." *Id.* Additionally, there was "no basis for concluding that the court considered and weighed the appropriate factors under R.C. 2953.52." *Id.* at ¶ 17.

**{¶12}** In *State v. Smith*, 2007-Ohio-7055, ¶ 10 (9th Dist.), the Ninth District reversed a trial court's denial of an expungement application because the trial court denied Smith the opportunity to be heard. Instead of allowing him to present evidence to support his position, the court said, "[I]f you irritate me this much more, I'm going

to have you charged criminally. Do you understand that? So, it might be a good time just to shut up and listen." *Id.* The next time Smith spoke the court found him in contempt and had him jailed. *Id.* at ¶ 11. The Ninth District held, "[W]e find that implicit in the requirement to hold a hearing is the requirement to afford Smith the opportunity to be *heard*." (Emphasis in original.) *Id.* at ¶ 10. Because the court did not allow Smith to speak at all, he was not heard. *Id.* The Ninth District continued however, "Our decision in this case is limited to the specific facts before us. *We do not wish to set forth requirements regarding the exact extent of the hearing on an expungement application.*" (Emphasis added.) *Id.*

{¶13} While appellant points to *Esson* and *Smith* to support her argument, they are distinguishable. In the current case, after going through the relevant statutory considerations, the judge orally made a decision. Roberts then spoke and she had the opportunity to be heard. After that, the hearing ended, and the judge put the ruling in a journal entry. Though it is better practice for the trial court to hear from the party before communicating its decision, the judge still afforded Roberts the opportunity to speak before journalizing its entry of judgment. It is evident from the record that the judge heard and considered Roberts's argument. The judge could have reconsidered after Roberts spoke, but the judge was unpersuaded.

{¶14} Here, the trial court went through the statutory requirements of R.C. 2953.32 and 2953.33. The court considered all the relevant factors and weighed what the victim had to say. Ultimately, the court concluded that Roberts had not been rehabilitated and could not have her record expunged. Because the court considered the statutory factors, there was no abuse of discretion.

### III. Conclusion

{¶15} Accordingly, we overrule the sole assignment of error and affirm the

6

trial court's judgments.

Judgments affirmed.

**CROUSE, P.J.,** and **BOCK, J.,** concur.